Dr. Joe F. Rushton v. U. M. & M. Credit Corporation

5-4741                                    434 S.W. 2d 81

Opinion Delivered November 25, 1968

*Warren & Bullion* for appellant.

*W. D. McKay* and *Rose, Meek, House, Barron, Nash & Williamson* for appellee.

John A. Fogleman, Justice.    Dr. Joe F. Rushton has appealed from a judgment in favor of U. M. & M. Credit Corporation for the balance due upon an installment note, representing the balance of the purchase price of a piece of equipment called a Loggers Yardster. The purchase was made on August 21, 1964 from Taylor Machine Works.    The sale and purchase were on a conditional sale contract, dated on the date of sale, and reciting a purchase by "the undersigned."    Throughout

704

the contract, the purchaser is referred to by that designation only. The name of Numark Manufacturing Company was signed by John J. Drew, Vice President and General Manager, on lines designated for "Signature of Purchaser." Immediately above the name of Numark Manufacturing Company appeared the signature "Joe F. Rushton, M.D., Trustee."

Attached to this contract was a promissory note of the same date for the sum of $12,471.58, the balance of the purchase price for the equipment after credit was given for a trade-in allowance. The note was signed in the lower right-hand corner by Joe F. Rushton, Trustee, and by Numark Mfg. Co., Inc. by Mr. Drew as Vice President and General Manager. Taylor Machine Works assigned the contract to U. M. & M. Credit Corporation by assignment printed on the reverse side of the contract and dated August 21, 1964. The note was also endorsed for Numark by its controller. A letter transmitting the conditional sales contract and note to the credit corporation bore the same date. It was signed for the Taylor Machine Works by its controller. A copy of a letter from Taylor Machine Works to the Secretary of the State of Arkansas forwarding a financing statement on the contract was enclosed with the letter to appellee. In its letter Taylor advised appellee that the evidence of filing a financing statement would be furnished when received. On August 24, 1964, U. M. & M. mailed its check for $10,850.27 to Taylor Machine Works for the purchase of the contract and note.

Numark filed bankruptcy proceedings after having made some payments on the note. After default, appellee accelerated the unpaid balance of the note and filed a claim as a secured creditor in the bankruptcy proceedings. The claim was denied because a copy of the financing statement had not been filed in Columbia County where Numark did business [See Ark. Stat. Ann. § 85-9-301 (3) (Add. 1961).] Appellee then filed this suit against Dr. Rushton who defended upon the

ground that he was released by reason of the fact that appellee had impaired the collateral for the instrument through failure to properly effect a security interest by filing the financing statement in Columbia County.

The parties entered into stipulations to the following effect:

1. On August 21, 1964, Rushton and Numark purchased the equipment from Taylor Machine Works.

2. Rushton and Numark executed their promissory note in evidence of their agreement to pay the unpaid balance of the purchase price in monthly installments.

3. Rushton signed the contract and note as "Joe F. Rushton, Trustee," but did not indicate the trust for which he was signing or undertake to limit his personal liability.

4. For value received, Taylor Machine Works sold the note to U. M. & M. Credit Corporation and the latter acquired the same for value in good faith without notice that it was overdue or had been dishonored, or of any defense against or claim to it on the part of any person.

5. A financing statement pursuant to the Uniform Commercial Code was prepared by Taylor Machine Works and executed by it, Numark and Rushton. A copy of this statement was filed in the office of the Secretary of the State of Arkansas on August 25, 1964. Taylor Machine Works failed to file a copy in the office of the Circuit Clerk of Columbia County—the only county in which either Rushton or Numark had a place of business.

6. That Henry Bassi, if present, would testify under oath that:

  a. He is Assistant Manager of the Memphis Office of appellee;

  b. appellee in no way participated in the filing of the ''Financial Statement'';

  c. on August 24, 1964. appellee purchased the note and contract and mailed its check to Taylor Machine Works, and at that time appellee assumed the financing statement had been properly filed.

Bassi testified, on interrogatories, that the note and contract were received by appellee on August 24, 1964, the date of the purchase by it. He admitted that no one in U. M. & M. Credit Corporation, either before or after purchase of the note and contract, made any investigation to determine if the conditional sale contract had been filed so as to perfect a security interest under the Commercial Code.

In rendering judgment, the circuit judge made the following findings:

''The plaintiff is an innocent holder in due course of the instrument sued upon;

The plaintiff has not unjustifiably impaired any collateral for the instruments which were given by or on behalf of the defendant or any person against whom either plaintiff or defendant had a right of recourse, and

That the plaintiff is entitled to recover against the defendant in the sum of $9,700.06 plus costs and an attorney's fee in the sum of $500.00.

IT IS THEREFORE, by the Court, Considered, Ordered and Adjudged that the plaintiff U. M. & M. Credit Corporation have judgment against

the defendant Dr. Joe F. Rushton in the sum of $10,-
200.06, plus all its costs herein expended.''

While appellant urges three points for reversal, the
view we take renders consideration of appellant's con-
tention that he was an accommodation endorser unnec-
essary. It does not matter whether appellant was an
accommodation endorser. If he had been, appellee's
knowledge that he was would not relieve him of liabili-
ty. Section 85-3-415 (2). Furthermore, he would not
have to be an accommodation endorser to seek relief
under § 85-3-606 because ''any party to an instrument''
as used therein is broad enough to include all makers
and endorsers. Neither would appellant's liability be
affected by reason of the fact that he signed as Trustee,
because he did not state for what trust he was acting.
Section 85-3-403.

Appellant's second point is the contention that ap-
pellee was not a holder of the note in due course and
could not recover because of § 85-9-207 which requires a
secured party to use reasonable care in the custody and
preservation of collateral and not fail to meet any ob-
ligation to preserve his security interest in the collate-
ral. In view of the stipulation that appellee acquired
the note for value in good faith without notice of any
defense against it by any party, we find it difficult to
understand this argument. (See § 85-3-302 defining a
holder in due course.) It is based upon these facts:

1. The forms on which the sales contract and note
were drawn were furnished to Taylor Machine
Works by appellee, whose name was printed in
assignment as assignee. At the foot of the
contract appeared the printed words ''Original
for U. M. & M. Credit Corporation'' and at the
foot of the note, the words ''Negotiable and
payable at the office of U. M. & M.''.

2. The assignment was signed and mailed on the
same date the sale was made.

3. Taylor advised appellee that it would forward evidence of filing when received.

4. Appellee had purchased 80 such contracts from Taylor in the two years just preceding this transaction.

Assuming, without deciding that § 85-9-207 applies in this case, we cannot say that the trial court's finding is not based on substantial evidence. The stipulation itself certainly is adequate support for this finding.

Appellant's third point is that Dr. Rushton was released by appellee by unjustifiable impairment of the collateral through failure to complete the proper filing of the financing statement, relying upon § 85-3-606. Although appellant's argument that this section applies to such an omission may have merit, we find adequate support for the trial judge's finding on this point without deciding whether this section has such application. Appellant argues that Taylor was acting as the agent of appellee in the transaction and that its failure to complete the filing was chargeable to appellee, and that appellee itself had ample opportunity to meet the filing requirements. In addition to the stipulation that appellee in no way participated in the filing procedures, and that it assumed, at the time of purchase, that the financing statement had been properly filed, if his real role in the transaction as between him and Numark had been exactly as he contended, it also appears that appellant could have seen to the filing under the Code as well as appellee. See *Nation Wide, Inc.* v. *Scullin,* 256 F. Supp. 929 (D.C., N.J. 1966) aff'd 377 F. 2d 554.

Since the finding that appellee had not unjustifiably impaired the collateral is sufficiently supported, there was no release of appellant. We find no error, so the judgment is affirmed.