James H. Boomer, J.
The holder of a note discharges from *551 liability an indorser of the note to the extent that the holder releases collateral given by the maker. Under the Uniform Commercial Code not only is an indorser discharged to the extent of the release of the collateral, but also discharged is any party who, to the knowledge of the holder, has a right of recourse against the maker (Uniform Commercial Code, §3-606). The official comment to section 3-606 of the Uniform Commercial Code explains: "The suretyship defenses here provided are not limited to parties who are 'secondarily liable’, but are available to any party who is in the position of a surety, having a right of recourse either on the instrument or dehors it, including an accommodation maker or acceptor known to the holder to be so.”
The knotty question in this case is whether the "suretyship defenses” extend not only to an accommodation maker but also to a comaker who does not sign as an accommodation for the other comaker, but may have a right of contribution from the comaker. Specifically, is one comaker discharged from liability to the extent that the holder releases collateral given by the other comaker?
Here, the plaintiff finance company sues upon a note signed by the defendant husband and wife as comakers. The amount of the note was $1,296 and $693.58 now remains unpaid. As collateral for the loan, the finance company had been given a security interest in a 1966 Chevrolet automobile owned by the wife. The husband and wife separated and when no payments were made on the note, the finance company, without the consent of the husband, agreed to let the wife sell her automobile free of this lien if she made a payment on the note. The wife then sold the automobile to her sister for $200 and paid that amount to the finance company on the note. The husband claims that the automobile was worth substantially in excess of $200 and that to the extent of the value of the collateral released, he should be discharged from liability on the note.
A fair reading of section 3-606 of the Uniform Commercial Code leads to the conclusion that the husband would be discharged from liability on the note to the extent of the - collateral released if to the knowledge of the finance company the husband had a right of recourse against the wife. Does the husband have a right of recourse against the wife? What are the rights of comakers against each other?
"The rights and liabilities of makers, as between themselves, depend on the contract between them and the relation *552 they sustain to each other and to the transaction.” (10 CJS, Bills and Notes, § 37, p 465.) In the absence of any agreement to the contrary, parties executing notes as joint and several principals are liable between themselves, in proportion to the benefits received, and each has a right of contribution from the others to the extent he is required to pay more than his proportionate share (10 CJS, Bills and Notes, § 37).
Since one co-obligor has a right of contribution from the others which may be destroyed by a release of the others, it is the rule that: "Releasing or giving time to * * * one of several principal debtors will discharge the others in respect to the portion of the debt as to which the party released or given time to is a principal”. (Newburger v Lubell, 266 NY 4, 9; see, also, General Obligations Law, § 15-105.) "Each of several * * * [co-obligors] is in legal effect as against the others a principal for his proportion of the debt, and a surety as to the rest”. (Newburger v Lubell, supra, p 9.) I hold, therefore, that the right of one co-obligor on a note to contribution from coobligors is "a right of recourse” within the meaning of section 3-606 of the Uniform Commercial Code.
Here, the husband may or may not have a right of recourse against the wife for contribution depending upon "the contract between them and the relationship they sustain to each other and to the transaction.” No proof was submitted on this score, nor was any proof submitted as to the benefits received by each. For all we know the entire proceeds of the loan may have been received by the husband or used to fulfill his obligation to support the wife or his child. In the absence of any facts showing that the husband will have a right of contribution or recourse against his wife if he is compelled to pay the note, he has not, under the language of section 3-606, been discharged to the extent of the collateral released to his wife.
Judgment is granted to the plaintiff against both husband and wife for the balance due on the note, with interest from October 26,1974.
I find the other affirmative defenses without merit.
The defendants state that the disclosure statement for the loan failed to comply in certain respects with the Federal Truth in Lending Act (US Code, Tit 15, § 1601 et seq.) and Regulation Z issued thereunder. They point out that the disclosure statement failed to refer to the acceleration clause in the event of default in payment of an installment, which *553 clause was contained in the note. This failure, they contend, violates Regulation Z (12 CFR 226.8[b][4]), which requires that the statement disclose any "default, delinquency, or similar charges payable in the event of late payments.” The acceleration clause in the note does not provide for any charge for late payments, but only makes the entire principal balance due in case of default in payment. The failure to disclose the acceleration clause, therefore, is not a violation of Regulation Z. The cases relied upon by defendants provide examples of acceleration clauses that effect a "charge” by reason of the forfeiture of prepaid interest in the event of acceleration. Here the note expressly provides for a rebate of the unearned prepaid interest in the event of acceleration; hence, there is no "charge”. (See F. R. B. letter of October 22, 1974, No. 851.)
Defendants also contend that the required disclosures were not made "in meaningful sequence”. An examination of the disclosure statement indicates that the disclosures are made in meaningful sequence.
Further, defendants contend that the disclosure statement failed to adequately identify the security interest. The disclosure statement identifies the security interest as "furniture” and an "auto-1966 Chevrolet”. I deem this to be adequate.
Submit order.