■ MIKANIS TRADING CORP., Appellant, v DAVID BLOCK, Respondent.—Order, Supreme Court, New York County, entered February 2, 1977, denying plaintiff's motion for summary judgment is unanimously modified, on the law, to the extent of granting partial summary judgment in favor of plaintiff for the sum of $73,069.81, with interest thereon at rates and from a date or dates to be fixed upon settlement of the order, and otherwise affirmed, without costs and without disbursements on appeal. Appeal from

order, Supreme Court, New York County, entered October 8, 1976, is dismissed, without costs, as said order is deemed superseded by said order of February 2, 1977. This is an action against the individual indorser and guarantor of a series of promissory notes made by D. Block Sons Jewelry Co., Inc., a corporation, and indorsed and guaranteed by defendant. Plaintiff moved for summary judgment in lieu of a complaint pursuant to CPLR 3213. The defense is that defendant is discharged from liability under section 3-606 (subd [1], par [b]) of the Uniform Commercial Code for the reason that plaintiff had unjustifiably impaired the collateral for the instrument. The collateral consisted of certain inventory. After bankruptcy of the corporation, it appeared that plaintiff had failed to file the security agreement in the proper offices. The bankruptcy court therefore held that the lien was invalid. The amount then due on the notes was $131,637. The inventory was sold at public auction under the auspices of the bankruptcy court and realized $58,567. Assuming that defendant is correct, that there has been an unjustifiable impairment of the collateral, the statute still discharges parties only "to the extent" of such unjustifiable impairment. It would appear prima facie that the extent of such impairment is the value of the collateral, i.e., the $58,567 realized on the sale. Defendant cannot complain that the sale was at public auction under the auspices of the bankruptcy court. Presumably, if the lien had been valid, the plaintiff could have sold the collateral at public auction and there is no reason to suppose that the amount realized would have been any different from the amount realized on the sale under the auspices of the bankruptcy court. Thus, giving the defendant the benefit of the defense of unjustifiable impairment of collateral under section 3-606 (subd [1], par [b]) of the Uniform Commercial Code, plaintiff is still entitled to partial summary judgment for the difference between the amount outstanding and the amount realized on the sale of the collateral, a balance of $73,069.81, with interest. Plaintiff contends that the defense of impairment of collateral under section 3-606 of the Uniform Commercial Code is not available to defendant because defendant is not an accommodation party. But the defense is not so limited. The statute says that this defense discharges "any party to the instrument" to the extent indicated. The Official Comment to this section (reprinted under McKinney's Cons Laws of NY, Book 62½ Uniform Commercial Code, 3-606) states: "The words 'any party to the instrument' remove an uncertainty arising under the original section. The suretyship defenses here provided are not limited to parties who are 'secondarily liable,' but are available to any party who is in the position of a surety, having a right of recourse either on the instrument or dehors it, including an accommodation maker or acceptor known to the holder to be so." A dictum in the Court of Appeals indicates that the defense may be applicable even to "the primary obligor." (*Indianapolis Morris Plan Corp. v Karlen*, 28 NY2d 30, 34.) At a minimum, the question of the relationship of defendant to the corporate obligor and to the collateral requires exploration at a trial to determine whether defendant is a party to whom the defense of impairment of collateral would be available. Settle order on notice. Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.