■ EXECUTIVE BANK OF FORT LAUDERDALE, Appellant, v GEORGE A. TIGHE et al., Respondents.—In an action to recover against an accommodation party on two promissory notes, plaintiff appeals from a judgment of the Supreme Court, Westchester County, dated June 28, 1979, which is in favor of the defendants upon the dismissal of the complaint at the close of the plaintiff's case at a nonjury trial. Judgment reversed, without costs or disbursements, and action remitted to Trial Term for further proceedings consistent herewith. The pertinent facts are set out in our previous opinion in this matter *(Executive Bank of Fort Lauderdale v Tighe,* 66 AD2d 70). We remitted the case to Trial Term to determine the extent of the loss suffered by the defendants as a result of the plaintiff's failure to perfect a security interest over the inventory and equipment of Austin Sporting Goods, Inc. On remand, the plaintiff offered as proof of the value of the inventory the record of a public sale of the inventory before a Florida Bankruptcy Judge which revealed that the inventory was sold for a sum of $6,400 and that the sale was confirmed by the court. After the plaintiff rested, the defendants moved to dismiss the complaint, contending that the plaintiff had failed to offer adequate proof of the value of the inventory, and was therefore not entitled to a judgment for the balance on the loan. The motion was granted by Trial Term in the judgment appealed from. Section 9-507 of the Uniform Commercial Code, which imposes liability upon a secured party for failure to properly dispose of collateral, provides (subd [2]) that "A disposition which has been approved in any judicial proceeding * * * shall conclusively be deemed to be commercially reasonable". We agree with defendants that this provision is not controlling because the approval of the sale by the Bankruptcy Court was not binding on the defendants, since they were not given a full and fair opportunity to contest the propriety of the sale (see *Rhode Is. Hosp. Trust Nat. Bank v National Health Foundation,* 384 A2d 301 [RI]; *Bryant v American Nat. Bank & Trust Co. of Chicago,* 407 F Supp 360). Nonetheless, we believe that the outcome of the sale constituted prima facie evidence of the value of the inventory (cf. *Mikanis Trading Corp. v Block,* 59 AD2d 689). Accordingly, the trial court erred in dismissing the complaint at the close of the plaintiff's case. A new hearing is required, at which time defendants will be afforded an opportunity to demonstrate that the results of the bankruptcy sale did not reflect the true value of the inventory, either because the sale was not conducted in a commercially reasonable manner (cf. Uniform Commercial Code, § 9-507), or because, as

defendants intimate, not all of the goods covered by the security interest were sold. We find no merit to defendants' contention that the sale was fatally flawed because of the plaintiff's failure to personally notify them of the time and place of the sale. The defendants should have known of the sale since it was the result of a voluntary petition in bankruptcy commenced by Austin Sporting Goods, Inc., a corporation of which the defendants are officers and shareholders and the defendants are the aunt and uncle of Stuart Austin, the corporation's principal. Rabin, J. P., Gulotta, Cohalan and O'Connor, JJ., concur.