388 So.2d 338 (1980)
SOUTHWEST FLORIDA PRODUCTION CREDIT ASSOCIATION, Appellant,
v.
Klaus SCHIROW and Marita J. Schirow, His Wife et al., Appellees.
No. 79-1400.
District Court of Appeal of Florida, Fourth District.
September 24, 1980.
Peter J. Forman of Gustafson, Stephens, Ferris, Forman & Hall, P.A., Fort Lauderdale, for appellant.
Roger L. Brown of Bird, Carpenter & Brown, P.A., Fort Lauderdale, for appellees.
ANSTEAD, Judge.
This is an appeal from a final judgment in favor of the defendants-appellees in a mortgage foreclosure proceeding brought by the plaintiff-appellant. At issue is whether the provisions of Section 673.606(1), Florida Statutes (1975) apply to a co-maker of a note. We hold that the statute does so apply and affirm the decision of the trial court.
On October 16, 1973, Southwest Florida Production Credit Association, appellant, loaned $134,000.00 to Klaus Schirow, his wife, Marita, C.H. Fawl and his wife, Valeria. The Fawls and Schirows formed a partnership for the purpose of raising cattle, and the loan proceeds were used for the purchase of livestock. As security for the loan, the Fawls executed a second mortgage on their ranch in DeSoto County and the Schirows executed a second mortgage on motel property located in Broward County. A mortgage was also given on the herd of cattle. Fawl assumed management of the business and cattle were purchased in his name only. Southwest subsequently granted extensions for repayment of the loan.
In August, 1974, the Fawls personally borrowed an additional $47,000.00 from Southwest. Thereafter, the Fawls refinanced a total personal loan of $159,600.00 and executed a third mortgage on their ranch in favor of Southwest as security for this loan. After encountering difficulty in repayment of their individual loan from Southwest, the Fawls, with the agreement of Southwest, sold their ranch for $148,945.00 and Southwest applied all of the proceeds in satisfaction of the Fawls' personal loan. Southwest agreed with the Fawls to substitute a second mortgage on a duplex apartment building owned by the Fawls as collateral for the Schirow-Fawls loan.
At the time of the sale of the ranch, $31,700.00 was outstanding on the joint Fawls-Schirow loan. Southwest did not notify the Schirows of the sale of the ranch or the substitution in collateral. Shortly thereafter, C.H. Fawls died insolvent, and bankruptcy proceedings were initiated by Mrs. Fawl. The substituted collateral became *339 worthless. Southwest then brought suit to foreclose upon the Schirows' property.
In defense of the foreclosure action, the Schirows claimed that Southwest had discharged them by releasing the Fawls' ranch as collateral without their permission, thereby impairing their right of recourse against the Fawls. The trial court's judgment in favor of the Schirows was predicated on the following findings:
6... . To the extent the plaintiff attempted to apply all the proceeds to the second loan which was the inferior and subordinate mortgage lien, the plaintiff misapplied the proceeds from the sale of the collateral.
7. The plaintiff then released the second mortgage and substituted other collateral which is of no value as collateral. This release of collateral is an impairment of collateral as to the first indebtedness.
Southwest maintains that the trial court erred in holding that the defense of impairment of collateral was available to the Schirows. It alleges the defense is available only to sureties and to accommodation parties.
Section 673.606(1), Florida Statutes (1975), provided as follows:
(1) The holder discharges any party to the instrument to the extent that without such party's consent the holder
* * * * * *
(b) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse. (emphasis added)
The provision in question is identical to Section 3-606(1) of the Uniform Commercial Code. The official comment to that Code provision characterizes the defenses contained therein as "suretyship" defenses: "the suretyship defense stated has been generally recognized as available to endorsers or accommodation parties." (emphasis added)
There are apparently no Florida cases determining whether "any party," as used in Section 673.606, includes the co-maker of a note or is confined to only an accommodation party or surety.[1] There is a split of authority in other jurisdictions as to whether a maker of a note is discharged by the holder's impairment of collateral. Cases holding that a maker is not discharged include Commerce Union Bank v. May, 503 S.W.2d 112 (Tenn. 1973); Wohlhuter v. St. Charles Lumber & Fuel Co., 62 Ill.2d 16, 338 N.E.2d 179 (1975); Peoples Bank of Point Pleasant v. Pied Piper Retreat, Inc., 209 S.E.2d 573 (W. Va. 1974); Smiley v. Wheeler, 602 P.2d 209 (Okl. 1979); Oregon Bank v. Baardson, 256 Or. 454, 473 P.2d 1015 (1970). And cases holding contra include Beneficial Finance Co. of New York, Inc. v. Husner, 82 Misc.2d 550, 369 N.Y.S.2d 975 (1975); and Rushton v. U.M. & M. Credit Corporation, 245 Ark. 703, 434 S.W.2d 81 (1968).
We are impressed with the clear and unambiguous language used in the statute in providing that any party to the instrument is discharged to the extent the holder unjustifiably impairs any collateral. The plain meaning of the phrase "any party" clearly would include a co-maker. No one can deny that a co-maker is a party to the instrument. Many times we are called upon to construe ambiguous provisions in the statutes and in doing so we must employ various rules of construction to arrive at the meaning of the words used. But unless we are faced with some ambiguity we should give words their plain meaning and stop there. We believe this is such a case.
The evidence presented below supports the trial court's conclusion that the appellees were legally entitled to recourse against the Fawls and would have been entitled to recourse against the security put up by the Fawls had the appellant not released the security. There is also evidence that the Schirows were in fact accommodation makers, and that the appellant had knowledge of that status. However, we do not feel it is necessary to pass on the *340 sufficiency of that evidence since we have concluded that the appellees were entitled to the protection of Section 673.606(1) as "any party" to the instrument, and that the evidence supports the trial court's conclusion as to the effect of the release of the collateral upon the appellees' right of recourse against the Fawls.
Accordingly, the judgment of the trial court is hereby affirmed.
HURLEY, J., and RIVKIND, LEONARD, Associate Judge, concur.
NOTES
[1] But see Guida v. Exchange National Bank of Tampa, 308 So.2d 148 (Fla. 2d DCA 1975).