443 So.2d 229 (1983)
David M. LYONS and Carol M. Flanagan, Appellants,
v.
CITIZENS COMMERCIAL BANK OF TALLAHASSEE, Appellee.
No. AQ-272.
District Court of Appeal of Florida, First District.
December 14, 1983.
*230 James R. English of Henry, Buchanan, Mick & English, Tallahassee, for appellants.
John C. Cooper of Douglass, Davey, Cooper & Coppins, Tallahassee, for appellee.
ERVIN, Chief Judge.
Appellant, Carol M. Flanagan, appeals a final judgment entered in favor of appellee, Citizens Commercial Bank of Tallahassee (Bank), contending the trial court erred in not finding that Flanagan's liability under a promissory note was discharged by the Bank's unjustifiable impairment of the collateral securing the note. We disagree and affirm.
Flanagan and Lyons, both individually and jointly, obtained several loans from the Bank over a two-year period. On April 27, 1977, four such loans were consolidated into one loan totaling $11,888.28, in exchange for which Flanagan and Lyons put up as collateral Lyons' truck, boat, motor and trailer, and Flanagan's car. Bank records disclose that Lyons' car was freed from the pledge on December 21, 1977, and Flanagan's car on May 10, 1978.
On August 4, 1978, Lyons reduced the remaining principal by making a payment of $4,000.00. In return, the Bank released its security interest in the boat, motor and trailer, thereby leaving the balance of some $4,000.00 unsecured. Flanagan, who contends she was told by Bank officials in May of 1978 that she would be excused from the terms of the note due to Lyons' agreement to make the remaining loan payments, was never notified regarding the final release of security.
Unfortunately, in May of 1979, Lyons stopped making loan payments, resulting in the Bank's filing the action below to recover the unpaid balance from both Flanagan and Lyons. A default judgment was obtained only against Lyons. Flanagan had answered the complaint, raising the affirmative defense of discharge, contending that the Bank, without her consent or knowledge, had unjustifiably impaired the collateral formerly securing the note by releasing to Lyons the boat, motor and trailer. After hearing testimony and receiving evidence at a non-jury trial, the court entered a final judgment in favor of the Bank.
Flanagan urges that the trial court committed reversible error by rejecting her defense of discharge due to the unjustified impairment of collateral to which she claims to be entitled by virtue of section 673.606, Florida Statutes, which provides:
(1) The holder discharges any party to the instrument to the extent that without such party's consent the holder:

* * * * * *
(b) Unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse.
(emphasis supplied) The thrust of Flanagan's argument is that the phrase "any party to the instrument" must be interpreted to include principals, i.e., makers and co-makers of notes, thus entitling her to raise that defense. The Bank answers that such defense is available only to sureties or to parties to an instrument who are in the position of sureties and that, even if Flanagan were entitled to assert this defense, she is not entitled to discharge because she failed to carry her burden of proving the collateral was unjustifiably impaired. We agree with the Bank's latter argument that Flanagan failed to prove her affirmative defense, and affirm.
The defense of discharge found in section 673.606 is properly characterized as a "suretyship defense." Deese v. Mobley, 392 So.2d 364, 368 (Fla. 1st DCA 1981). See also 3 R. Anderson, Uniform Commercial Code §§ 3-606:1  3-606:12 (1971) and 2 Bender's Uniform Commercial Code Service § 12.21 (1982). The official comment to section 3-606 of the Uniform *231 Commercial Code (UCC), from which section 673.606 is derived, provides:
The words "any party to the instrument" remove an uncertainty arising under the original section [of the Uniform Negotiable Instruments Law]. The suretyship defenses here provided are not limited to parties who are "secondarily liable," but are available to any party who is in the position of a surety, having a right of recourse either on the instrument or dehors it, including an accommodation maker or acceptor known to the holder to be so.

U.C.C. § 3-606 Official Comment 1 (1978) (emphasis supplied).
A number of courts have been asked to determine whether the phrase "any party" may be broadly interpreted, as Flanagan contends, to provide the defense of discharge to makers and co-makers on the instrument. The majority of those courts, while including sureties, accommodation parties, accommodation makers, guarantors and endorsers within the list of parties entitled to raise the suretyship defense in section 3-606, have declined to extend the list to include as well makers and co-makers binding themselves only as principals. See United States v. Unum, Inc., 658 F.2d 300 (5th Cir.1981); Wohlhuter v. St. Charles Lumber & Fuel Co., 62 Ill.2d 16, 338 N.E.2d 179 (1975); The Farmers State Bank of Oakley v. Cooper, 227 Kan. 547, 608 P.2d 929 (1980); Mikanis Trading Corporation v. Block, 59 A.D.2d 689, 398 N.Y.S.2d 679 (App.Div. 1977); The Provident Bank v. Gast, 57 Ohio St.2d 102, 386 N.E.2d 1357 (1979); Oregon Bank v. Baardson, 256 Or. 454, 473 P.2d 1015 (1970); Hooper v. Ryan, 581 S.W.2d 237 (Tex.Civ.App. 1979). If, however, a maker can show he has actually altered his position on the instrument from that of principal to surety, he may be entitled to raise the defense of discharge. See Federal Deposit Insurance Corporation v. Webb, 464 F. Supp. 520 (E.D.Tenn. 1978); Commerce Union Bank v. May, 503 S.W.2d 112 (Tenn. 1973).
Among those courts declining to expand the term "any party" to encompass makers and co-makers, the majority have recognized that such parties may have standing to raise the defense if they can show they signed the instruments for purposes of accommodation only. See Peoples Bank of Point Pleasant v. Pied Piper Retreat, Inc., 209 S.E.2d 573, 578 (W. Va. 1974). A factual issue is thus raised upon a party's assertion of the defense of discharge. In determining whether such a person is to be afforded the status of an accommodation party, several factors are to be considered, including his purpose in signing the instrument, the intent of the parties to the instrument, whether the party received any benefit from the transaction, and whether his signature was necessary in enabling another party to secure a loan. See Commerce Union Bank v. Davis, 581 S.W.2d 142 (Tenn. Ct. App. 1978); Peoples Bank, 209 S.E.2d at 578; Cooper, 608 P.2d at 934. If the party claiming entitlement to discharge has received benefits from the transaction, a presumption that he did not sign for accommodation only arises. Davis, 581 S.W.2d at 144, citing J. White & R. Summers, Uniform Commercial Code at 431 (1972).
Although a few cases have suggested that makers not in the position of sureties may, under some circumstances, come within the scope of the phrase "any party",[1] our research discloses that only Florida's *232 Fourth District Court of Appeal has gone so far as to hold that makers and co-makers per se are entitled to raise the defense of discharge under section 673.606. In Southwest Florida Production Credit Association v. Schirow, 388 So.2d 338 (Fla. 4th DCA 1980), the court, while affirming a judgment in favor of mortgagors who raised the defense of discharge in a foreclosure action, concluded:
We are impressed with the clear and unambiguous language used in the statute in providing that any party to the instrument is discharged to the extent the holder unjustifiably impairs any collateral. The plain meaning of the phrase "any party" clearly would include a co-maker. No one can deny that a co-maker is a party to the instrument. Many times we are called upon to construe ambiguous provisions in the statutes and in doing so we must employ various rules of construction to arrive at the meaning of the words used. But unless we are faced with some ambiguity we should give words their plain meaning and stop there. We believe this is such a case.
Id. at 339 (emphasis supplied).
Although the above conclusion certainly finds support in logic if not in case law, we do not find that Schirow compels reversal in the case at bar. Schirow is factually distinguishable from this case because there was competent substantial evidence presented in Schirow to support the court's conclusions that the defendants were entitled to recourse against their co-makers who filed for bankruptcy and that they were in fact accommodation makers, a fact of which the lender was aware. Id. at 339. In this case, the record is completely devoid of any evidence suggesting that Flanagan signed the note from which she benefited in any capacity other than as principal and co-maker. Second, and we think more important, is the fact that in this case there is no evidence that the Bank's release of collateral to Lyons resulted in an unjustified impairment of such collateral. We therefore find it unnecessary to decide whether Flanagan, as co-maker, was a party for purposes of asserting the defense of discharge.
Assuming, arguendo, that Flanagan had standing to assert the defense of the collateral's impairment due to its release, section 673.606 provides for discharge only to the limited extent that the collateral is unjustifiably impaired. "It is clear from the statute that the release is only pro tanto, and the cases so hold." Cooper, 608 P.2d at 935. Whether an unjustified impairment has occurred, and the extent thereof, is a factual question, Huey v. Port Gibson Bank, 390 So.2d 1005, 1009 (Miss. 1980), and the party claiming entitlement to discharge bears the "burden of proof ... to establish the extent to which the collateral was impaired." Cooper, 608 P.2d at 936. Accord, Tampa Bay Bank v. Loveday, 526 S.W.2d 480 (Tenn. Ct. App. 1974). Proof of the extent of its impairment is made by showing the value of the collateral at the time of its impairment. Cooper, 608 P.2d at 936; Huey, 390 So.2d at 1009; Block, 398 N.Y.S.2d at 680-681. If it is shown that the collateral was worthless, there can *233 be no unjustifiable impairment. Beneficial Finance Company of Jamestown v. Lawrence, 301 N.W.2d 114, 118 (N.D. 1980). The record before us fails to disclose the value of the boat, motor and trailer at the time of its release by the Bank. As Flanagan failed to meet her burden of showing an unjustifiable impairment of the collateral securing the note, the trial court did not err in declining to find that her liability under the note was discharged.
AFFIRMED.
JOANOS, J. and TILLMAN PEARSON, Associate Judge (Retired), concur.
NOTES
[1] For example, in Rushton v. U.M. & M. Credit Corporation, 245 Ark. 703, 434 S.W.2d 81 (1968), the defendant, having signed a contract and note ostensibly as a "trustee" for an undisclosed trust, unsuccessfully attempted to raise the discharge defense to avoid liability on the note. In affirming the trial court's rejection of that defense, the court found it unnecessary to decide whether the defendant was an accommodation party, but noted that the phrase "`any party to an instrument' as used [in § 3-606] is broad enough to include all makers and endorsers." 434 S.W.2d at 83. In Rushton, however, as in this case, affirmance of the trial court's decision was required as the evidence was insufficient to show that an unjustifiable impairment of collateral had occurred. Additionally, in Beneficial Finance Company of New York, Inc. v. Husner, 82 Misc.2d 550, 369 N.Y.S.2d 975 (N.Y. Sup. Ct. 1975), a reported trial level decision, a husband and wife executed a promissory note giving as collateral therefor a security interest in the wife's automobile. After the parties had separated, the finance company agreed to release its interest in the automobile in exchange for the wife's applying the proceeds from the sale of the vehicle against the principal. When suit was brought to recover the remaining principal, the husband defended on the basis of discharge due to unjustifiable impairment of collateral. The trial court concluded that the defense provided by section 3-606 could be claimed by the husband, as a co-maker, but only if he could show a right of recourse against the wife. Having failed to meet that burden, judgment was entered against both husband and wife. Finally, in Beneficial Finance Company of Jamestown v. Lawrence, 301 N.W.2d 114 (N.D. 1980), the court noted that "it would appear that the defense of unjustifiable impairment is, under appropriate circumstances, available to `any party' to a note, including the maker." Id. at 117. The court reasoned, however, that to so interpret the phrase "any party" would result in the destruction of all existing distinctions between principals and sureties. The court, however, never determined that issue conclusively because, as in Rushton, the decisive factor in rejecting the defense was that the evidence failed to show an unjustifiable impairment of collateral.