Mr. Randy Miller Executive Director Department of Revenue Carlton Building Tallahassee, Florida 32301
Dear Mr. Miller:
This is in response to your request for an opinion on the following question:
 MAY THE FLORIDA DEPARTMENT OF REVENUE FURNISH THE PROPERTY APPRAISERS WITH INFORMATION FROM THE INTANGIBLE TAX RETURNS FILED FOR LEASEHOLD INTERESTS IN GOVERNMENTAL PROPERTY?
You state that the information from the intangible tax returns filed for leasehold interests in governmental property is needed in order for the property appraiser to determine whether all the property in the county has properly been placed on a tax roll, either the county's ad valorem roll or on an intangible tax return filed with the Florida Department of Revenue. You note that s.195.084(1) provides that all records and files of the Department of Revenue useful to the property appraiser shall be made available upon his request; pursuant to s. 199.222, F.S., however, all annual intangible personal property tax returns filed with the department are confidential as provided in s. 213.053, F.S. Section 213.053 does not specify the property appraiser as a party who may obtain information from returns of intangible personal property taxes. In light of the apparent conflict, you inquire whether the department may furnish the property appraisers with information from the intangible tax returns filed for leasehold interests in governmental property pursuant to Ch. 199, F.S.
Chapter 195, F.S., as amended, is the "Property Assessment Administration and Finance Law." Section 195.011, F.S. The legislative intent for this law is set forth in s. 195.0012, F.S., which provides:
 It is declared to be the legislative purpose and intent in this entire chapter to recognize and fulfill the state's responsibility to secure a just valuation for ad valorem tax purposes of all property and to provide for a uniform assessment as between property within each county and property in every other county or taxing district.
To accomplish this purpose, s. 195.022, F.S., requires the Department of Revenue to prescribe and furnish all forms to be used by property appraisers, tax collectors, clerks of the circuit court, and property appraisal adjustment boards in administering and collecting ad valorem taxes. And see, s. 195.002, F.S., as amended by s. 5, Ch. 86-300, Laws of Florida, which provides that the Department of Revenue shall have general supervision of the assessment and valuation of property so that all property will be placed on the tax rolls and shall be valued at its just valuation as required by the State Constitution. Section 195.027, F.S., requires the department to prescribe reasonable rules and regulations for the assessing and collecting of taxes which shall be followed by the property appraisers, tax collectors, clerks of the circuit court, and property appraisal adjustment boards. Subsection (3) of s. 195.027, F.S., in part, provides:
 The rules and regulations shall provide procedures whereby the property appraiser, the Department of Revenue, and the Auditor General shall be able to obtain access, where necessary, to financial records relating to nonhomestead property, which records are required to make a determination of the proper assessment as to the particular property in question. Access to a taxpayer's records shall be provided only in those instances in which it is determined that such records are necessary to determine either the classification or the value of the taxable nonhomestead property. Access shall be provided only to those records which pertain to the property physically located in the taxing county as of January 1 of each year and to the income from such property generated in the taxing county for the year in which a proper assessment is made. All records produced by the taxpayer under this subsection shall be deemed to be confidential in the hands of the property appraiser, the department, the tax collector, and the Auditor General and shall not be divulged to any person, firm, or corporation, except upon court order or order of an administrative body having quasi-judicial powers in ad valorem tax matters.
The property appraiser is responsible for the preparation of real property and tangible personal property assessment rolls. See, s.193.114(1), F.S. The real property assessment roll is required to reflect the just value of all property in the county. Section193.114(2), F.S. See, s. 193.085(1), F.S., providing that the property appraiser shall ensure that all real property within his county is listed and valued on the real property assessment roll. And see, s. 193.114(2)(c), F.S., requiring the real property assessment roll to reflect the just value of all property and when property is wholly or partially exempt, a categorization of such exemption. Every assessment roll must be submitted to the Department of Revenue for approval and must be reviewed to determine if the rolls meet all the appropriate requirements of law relating to form and just value. Section 193.1142, F.S., as amended by Ch. 86-190, Laws of Florida.
All property in the county required by law to be on the assessment rolls shall receive a classification based upon the use of the property. Section 195.073, F.S. Real property shall be classified according to the assessment basis of the land into the following classes:
(a) Residential:
1. Single Family.
2. Mobile Homes.
3. Multifamily.
4. Condominiums.
5. Cooperatives.
6. Retirement homes.
(b) Commercial and industrial.
(c) Agricultural.
(d) Nonagricultural acreage.
(e) Exempt, wholly or partially.
(f) Centrally assessed.
(g) Leasehold interests.
(h) Time-share property.
(i) Other.
Section 195.073(1), F.S. (e.s.)
Section 195.084, F.S., provides a mechanism for information sharing between the department and the property appraiser's office while protecting the confidentiality of any taxpayer's returns. Subsection (1) of s. 195.084, F.S., provides:
 The department shall promulgate rules and regulations for the exchange of information among the department, the property appraisers' offices, and the Auditor General. All records and returns of the department useful to the property appraiser shall be made available upon his request, but subject to the reasonable conditions imposed by the department. This section shall supersede statutes prohibiting disclosure only with respect to the property appraiser and the Auditor General, but the department may establish regulations setting reasonable conditions upon the access to and custody of such information. The Auditor General and the property appraisers shall be bound by the same requirements of confidentiality as the Department of Revenue. Breach of confidentiality shall be a misdemeanor of the first degree punishable as provided by ss. 775.082 and 775.083.
The department has promulgated an administrative rule permitting tax information sharing with the property appraisers and imposing conditions upon the disclosure of such information. See, Rule 12D-1.06, F.A.C.
The statutory provisions set forth above establish the duties and responsibilities of the county property appraiser, requiring in pertinent part that all real and tangible personal property located in the county be on the property appraiser's assessment rolls showing its just value and be classified according to the use of the property. This duty to compile the assessment rolls includes government property leased to private persons. See, s.195.073, supra.
The county property appraiser's duties for compiling tax assessment rolls for all real and tangible personal property located in the county are consistent with the constitutional scheme for taxation in the State of Florida. Section 1(a), Art. VII, State Const., provides:
 No tax shall be levied except in pursuance of law. No state ad valorem taxes shall be levied upon real estate or tangible personal property. All other forms of taxation shall be preempted to the state except as provided by general law.
The Department of Revenue is the state agency vested by statute with the responsibility of regulating, controlling, and administering all revenue laws and performing all duties in regard to the state's sales tax laws, estate tax, excise taxes, gross receipts taxes, motor and other fuel taxes, and other various non-ad valorem taxes preempted to the state. See, s. 213.05, F.S., as amended by s. 72, Ch. 86-152, Laws of Florida, which provides that the department has only those responsibilities for ad valorem taxation specified by law. As a result of the department's function as the state agency vested with the administration of the state's revenue laws, the department is the custodian of information and records pertaining to tax matters within the state. Prior to 1980, various statutes were in effect providing for the sharing of tax information among state, local and federal governmental agencies charged with official duties regarding such matters. See, e.g., s. 198.09, F.S. 1979, which provided for publication of statistics and release of information to the Auditor General or his authorized representative in the performance of his official duties to the extent not prohibited by federal law; s. 199.222(1), F.S. 1979, which provided the tax information to the taxpayer; s. 206.95, F.S. 1979, which provided information to the officer of the state entitled to receive the same in his official capacity; s. 213.072, F.S. 1979, which excepted statistics and information for purposes of exchange with the federal government, and also provided for disclosure to "properly qualified legislative committees" and to the multistate tax commission. All of the foregoing statutes provided for the confidentiality of the tax information shared with other governmental officers and agencies. See also, s. 214.21, F.S. 1979, which specifically provided for confidentiality except for official purposes "within the department."
Section 213.053, F.S., was enacted by Ch. 80-222, Laws of Florida, an act relating to state revenue laws, for the purposes of "providing uniform requirements for confidentiality and information sharing." See, title to Ch. 80-222, supra. Subsection (1) of s. 213.053 provides:
 The provisions of this section apply to s. 125.0104, county government; chapter 198, estate taxes; chapter 199, intangible personal property taxes; chapter 201, excise tax on documents; chapter 203, gross receipts taxes; chapter 206, motor and other fuel taxes; chapter 207, the Florida Special Fuel and Motor Fuel Use Tax Act of 1981; chapter 208, tax on generation of hazardous wastes; chapter 211, tax on severance and production of minerals; part 1 of chapter 212, tax on sales, use, and other transactions; chapter 214, administration of designated nonproperty taxes; chapter 220, income tax code; chapter 376, pollutant spill prevention and control; and ss. 624.509-624.514; insurance code, administration and general provisions. (e.s.)
The same act that created s. 213.053, F.S., repealed ss. 198.09, 199.222(1), 206.95, 211.33(6), 213.072 and 214.21, F.S. 1979. This repeal was consistent with the legislative purpose for the enactment the new law, which was to provide "uniform requirements for confidentiality and [tax] information sharing."
Subsection (2) of s. 213.053 provides that except as provided therein, "all information contained in returns, reports, accounts, or declarations received by the department, including investigative reports and information, is confidential except for official purposes." See, subsections (3), (4), (5), (6), (7), and (8) which sets forth the persons or agencies to which, and the circumstances under which, the Department of Revenue may release such information. And see, AGO 81-65, stating that the term "official purposes" as used in s. 213.053(2), F.S., "refers to the use of the statutorily specified documents internally by the Department of Revenue, only. . . ." The property appraiser is not, however, among those enumerated persons or agencies authorized to receive such information. Any officer or employee, or former officer or employee, who divulges information made confidential by s. 213.053, F.S., except as provided therein is guilty of a first degree misdemeanor. Section 213.053(2), F.S.
Prior to 1980, the scope and application of s. 195.084, F.S., to ad valorem tax information was not in conflict with the various statutes relating to confidentiality and sharing of tax information. An examination of the statutes upon which the provisions of s. 213.053, F.S., apply reveals that those taxing laws relate to the types of taxation preempted by the Constitution to the state. Reciprocally and in harmony, s. 195.084, F.S., permitted information sharing of ad valorem tax information with the property appraisers. However, during the same session in which s. 213.053 was enacted, the Legislature amended the law dealing with the taxation of leasehold interests in government-owned real property. See, s. 3, Ch. 80-368, Laws of Florida. The Legislature redefined leasehold interests in government property to be "intangible personal property," and taxable by the state as such, and eliminated taxing such leasehold interests for ad valorem purposes. Section 199.023(1)(d), F.S., now includes within the definition of "intangible personal property":
 Except for any leasehold or other possessory interest described in s. 4(a), Art. VII of the State Constitution or s. 196.199(7)), all leasehold or other possessory interests in real property owned by the United States, the state, any political subdivision of the state, any municipality of the state, or any agency, authority, and other public body corporate of the state, which are undeveloped or predominantly used for residential or commercial purposes and upon which rental payments are due.
The same act, Ch. 80-368, s. 2, also amended s. 196.199, F.S. 1979, to provide for the taxation of leasehold interests in governmentally-owned property as intangible personal property pursuant to Ch. 199, F.S. Formerly leasehold interests in government property were subject to ad valorem taxation when not used for public purposes. Subsection (2) of s. 196.199, F.S. 1979, had provided:
 Property owned by the following governmental units, but used by nongovernmental lessees, shall only be exempt from taxation under the following conditions:
 (a) Leasehold interests in property of the United States, of the state or any of its several political subdivisions, or of municipalities, agencies, authorities, and other public bodies corporate of the state shall be exempt from ad valorem taxation only when the lessee serves or performs a governmental, municipal, or public purpose or function, as defined in s. 196.012(5). In all such cases, all other interests in the leased property shall also be exempt from ad valorem taxation.
 (b) The exemption provided by this subsection shall not apply to those portions of a leasehold estate which are used predominantly for a private, commercial purpose and serve no governmental, municipal, or public purpose.
 (c) Any governmental property leased to an organization which uses the property exclusively for literary, scientific, religious, or charitable purposes shall be exempt from taxation.
Section 196.199(2)(b), F.S., presently provides:
 Except as provided in paragraph (c), the exemption provided by this subsection shall not apply to those portions of a leasehold or other interest defined by s. 199.023(1)(d), subject to the provisions of subsection (7). Such leasehold or other interest shall be taxed only as intangible personal property pursuant to chapter 199 if rental payments are due in consideration of such leasehold or other interest. If no rental payments are due pursuant to the agreement creating such leasehold or other interest, the leasehold or other interest shall be taxed as real property. Nothing in this paragraph shall be deemed to exempt personal property, buildings, or other real property improvements owned by the lessee from ad valorem taxation.
Thus, prior to 1980, leasehold interests in property of the United States, of the state or any of its several political subdivisions, or of municipalities, agencies, authorities, and other public bodies corporate of the state which were used predominantly for a private, commercial purpose and served no governmental, municipal, or public purpose were subject to ad valorem taxation. Under current law, leasehold interests in government property used predominantly for a private, commercial property are classified as a type of real property under s. 195.073, F.S., but taxed as intangible personal property under ss. 196.199(2) and 199.023(1), F.S. Property appraisers, however, are still statutorily required to include leasehold interests in government property as a class of real property on the county assessment rolls and list the just value of such property. See, s. 195.073. Section 199.222, F.S., however, expressly provides that "[a]ll annual personal property tax returns filed with the department shall be confidential, as provided in s. 213.053," and as stated supra, s. 213.053 does not include the property appraiser among those individuals or entities authorized to receive such information. See, AGO 73-109 in which this office concluded that the confidentiality provision relating to intangible tax in s. 199.222, F.S. 1973, prohibited the Department of Revenue from disclosing information set forth in the intangible tax returns to the Auditor General, who was not among those persons enumerated within the statute as authorized to receive such information even though there was a statute generally authorizing the Auditor to examine all records and make inquiry of all persons who may have knowledge as to any irregularity incidental to the disbursement of public moneys, food stamps, or other items to public assistance recipients under the provisions of Ch. 409, F.S. 1973. This office was of the view in that opinion that the broad investigative powers granted to the Auditor General in s. 11.50, F.S. 1973, did not create by implication another exception to the specific confidentiality provisions in s. 199.222, F.S. 1973, which had to be strictly construed both as to its letter and spirit.
In construing statutes, the legislative intent is the polestar to determine the correct construction. Parker v. State,406 So.2d 1089 (Fla. 1981); City of Tampa v. Thatcher Glass Corporation,445 So.2d 578 (Fla. 1984). While legislative intent controls the construction of statutes, that intent is determined primarily from language of the statute; plain meaning of the statutory language is the first consideration. St. Petersburg Bank Trust Company v. Hamm, 414 So.2d 1071 (Fla. 1982); Southwest Florida Production Credit Association v. Schirow, 388 So.2d 338 (4 D.C.A.Fla., 1980). Whenever possible, several laws covering the same general field should be construed in harmony and in a manner, if possible, which avoids placing such statutes in conflict. City of Boca Raton v. Gidman, 440 So.2d 1277 (Fla. 1983); Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980) (where possible, the courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another); District School Board of Lake County v. Talmadge,381 So.2d 698 (Fla. 1980). Moreover, there is a general presumption that later statutes are passed with knowledge of prior existing laws, and a construction is favored which gives each statute a field of operation rather than having the former statute repealed by implication. Oldham v. Rooks, 361 So.2d 140 (Fla. 1978); Dickinson v. Davis, 224 So.2d 262 (Fla. 1969) (Legislature is presumed to know existing law when statute is enacted). See also, Woodgate Development Corporation v. Hamilton Investment Trust,351 So.2d 14 (Fla. 1977) (courts presume that statutes are passed with knowledge of prior existing statutes and that Legislature does not intend to keep contradictory enactments on the books or to effect so important a measure as repeal of law without expressing an intention to do so). However, in the event of a conflict between statutes, the last expression of the Legislature will prevail. See, Albury v. City of Jacksonville Beach, 295 So.2d 297
(Fla. 1974); Laramore v. State, 342 So.2d 90 (1 D.C.A.Fla., 1977); De Coningh v. City of Daytona Beach, 103 So.2d 233, (1 D.C.A.Fla., 1958).
Section 213.053, F.S., clearly and specifically enumerates to individuals or governmental entities which may receive information from the intangible property tax returns filed with the department. Under the rule of statutory construction, expresio unius est exclusio alterius, the express mention of one thing implies the exclusion of another not mentioned, the fact that the property appraisers were not included by the Legislature in the statute providing for those officials entitled to receive intangible property tax information impliedly excludes them. See, Devin v. City of Hollywood, 351 So.2d 1022 (4 D.C.A.Fla., 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). Furthermore, s. 213.053, F.S., being penal in nature, must be strictly construed and it is not to be extended in its operation to persons, things, or acts not within its descriptive terms. State ex rel. Lee v. Buchanan, 191 So.2d 33 (Fla. 1966); Bradley v. State, 84 So. 677 (Fla. 1920). Because s. 213.053 is the later statute and is penal in nature, I am therefore of the view that a conservative position as to whom the department's employees may divulge such information must be taken; since the property appraisers are not among those persons enumerated in s. 213.053, tax information received pursuant to Ch. 199, F.S., pertaining to intangible personal property taxes should not be shared with the property appraisers. While the Legislature may not have contemplated all of the effects of making leasehold interests in governmentally-owned property subject to intangible personal property taxes under Ch. 199, F.S., this office is without the power and authority to amend the law by construction to reach a more equitable result. This may appropriately be a matter for legislative review.
In conclusion, I am therefore of the opinion that, unless and until legislatively amended otherwise, the Department of Revenue is not authorized to furnish the property appraisers with information from intangible personal property tax returns filed with the department for leasehold interests in governmentally-owned property.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General