[605 NYS2d 533]

CARL A. FLORIO, Appellant, v WESSEL CROSS, Defendant, and CLIFFORD SCHOONMAKER, Respondent.

Third Department, December 23, 1993

APPEARANCES OF COUNSEL

*Rosenblum, Ronan, Kessler & Sarachan,* Albany *(George L. Sarachan* of counsel), for appellant.

*Wilkie & Graff,* Kingston *(Wayne L. Graff* of counsel), for respondent.

**OPINION OF THE COURT**

MAHONEY, J.

As part of a joint venture, plaintiff and defendants, among others, purchased acreage in Ulster County for purposes of subdivision and development. In July 1987, plaintiff sold his interest to defendants for $115,000. Defendants paid $70,000 in cash and executed a $45,000 promissory note. Under the three-year note, interest payments on the principal balance were due quarterly at a rate of 7¾% until July 16, 1990, at which time the entire debt became due. Liability between defendants, as comakers of the note, was expressly stated to be joint and several. During pendency of the note term, defendant Clifford Schoonmaker sold his interest in the property to defendant Wessel Cross and in connection therewith Cross agreed to indemnify and hold Schoonmaker harmless for any claims, liabilities or notes related to the property.

Matters proceeded without incident until June 1990, when Cross advised plaintiff that he would not be able to pay the $45,000 by the July 16, 1990 deadline and sought to renegoti-

ate. According to Cross, he and plaintiff orally agreed that plaintiff would not enforce his rights under the note if Cross paid 12% interest annually and paid down the principal balance when the subdivision lots were sold. In furtherance of this agreement, Cross paid a total of $13,254.06 between July 16, 1990 and July 1, 1991 and then ceased paying altogether. Plaintiff responded by commencing the instant action on the note against both defendants. Schoonmaker cross-claimed against Cross for judgment over on the contractual indemnification clause. Thereafter, plaintiff moved for summary judgment and Schoonmaker cross-moved alternatively for summary judgment dismissing the complaint against him or for summary judgment on his cross claim. Dismissal of the complaint was sought upon the theory that the subsequent extension agreement between plaintiff and Cross, made as it was without Schoonmaker's knowledge or consent, discharged him from all liability under the note pursuant to UCC 3-606. Supreme Court agreed and, among other things, granted Schoonmaker's motion and dismissed the complaint against him in its entirety. Plaintiff appeals.

UCC 3-606, which sets forth one of the several methods by which the liability of a party to a negotiable instrument can be discharged, provides, in pertinent part:

"(1) The holder discharges any party to the instrument to the extent that without such party's consent the holder

"(a) without express reservation of rights releases or agrees not to sue any person against whom the party has to the knowledge of the holder a right of recourse or agrees to suspend the right to enforce against such person the instrument or collateral or otherwise discharges such person".

While the prefatory phrase of UCC 3-606 (1) states that it applies to "any party", a reading of the subdivision in its entirety along with the Comment make clear that it is not universally applicable, as Supreme Court apparently found, but applicable only to persons who are "in the position of a surety, having a right of recourse either on the instrument or dehors it" (UCC 3-606, Comment 1). As such, Schoonmaker's entitlement to the defense depends, in the first instance, upon whether he is a surety with a right of recourse under this note.

Insofar as is relevant here, the Uniform Commercial Code recognizes two types of sureties—an accommodation comaker and a nonaccommodation comaker. The former is one who

simply lends his or her name to back up the performance of the principal debtor while the latter has some interest in the subject matter of the debt. Accordingly, nonaccommodation comakers are only partial sureties—they bear personal liability for that share of the debt that corresponds to their interest but are sureties as regards the rest, albeit with a right of contribution against their comaker to the extent that their joint and several obligation to the note holder requires them to pay their comaker's share *(see, Beneficial Fin. Co. v Husner,* 82 Misc 2d 550; *see generally,* 6A Anderson, Uniform Commercial Code § 3-606:10, at 356-357 [3d ed]; 1 White and Summers, Uniform Commercial Code § 13-16, at 667-668 [Practitioner's 3d ed]).

Schoonmaker's claim of entitlement to UCC 3-606 (1) discharge rests initially upon the proposition that he is an accommodation comaker. We disagree. A review of the record reveals, quite plainly, that Schoonmaker held a one-half ownership interest in the land conveyed by plaintiff. Against this backdrop, Schoonmaker's conclusory allegations that he was acting "primarily to accommodate [Cross]" and that Cross primarily operated and controlled the venture are insufficient to satisfy his burden of proving that he signed the instrument for the "purpose of lending his name to another party to it" (UCC 3-415 [1]) or to create a triable question of fact on this issue (cf., UCC 3-415 [3]; *Alfred J. Forone, Inc. v Ruhle,* 117 AD2d 894). To the contrary, the foregoing establishes that Schoonmaker is a nonaccommodation comaker. Inasmuch as these persons occupy a hybrid status, i.e., part principal debtor and part surety, their entitlement to UCC 3-606 (1) (a) discharge is less clear.[1]

Many courts that have had occasion to address this issue have interpreted UCC 3-606 (1) (a) as not applying to nonaccommodation comakers of a note, reasoning that because the intent of UCC 3-606 was to protect subrogation rights and because contribution/indemnification rights are distinct from subrogation rights, they do not constitute rights of recourse within the meaning of UCC 3-606 (1) (a) *(see, United States v Unum, Inc.,* 658 F2d 300; 1 White and Summers, Uniform Commercial Code § 13-16, at 667-668 [and cases cited at 668, n 1] [Practitioner's 3d ed]). We cannot agree with this analysis,

1. Significantly, Schoonmaker not only has contribution rights as a result of his hybrid status, but also has indemnification rights acquired from Cross in connection with the later sale of his interest to Cross.

at least in situations such as this where discharge is not premised upon the holder's *release* of the comaker but rather upon the holder's agreement with a comaker to extend the time of payment on the note. While UCC 3-606 generally is recognized as codifying the general suretyship defenses and protecting a surety's right of subrogation *(see,* 6A Anderson, Uniform Commercial Code § 3-606:4, at 351-352 [3d ed]; 5 Hawkland, Leary & Alderman, Uniform Commercial Code Series § 3-606:01, at 58), it is clear that its application is not limited to parties generally regarded as sureties and its protections are not circumscribed to the right of subrogation (UCC 3-606, Comment 1). Indeed, Comment 1 expressly states that the provisions of UCC 3-606 apply to "any party who is in the position of a surety, having a right of recourse either on the instrument *or dehors it"* (emphasis supplied). While rights of contribution or indemnification are not rights of recourse *on* the instrument, both certainly qualify as rights of recourse *dehors* the instrument and thus clearly seem to be encompassed within the statute *(see, Beneficial Fin. Co. v Husner,* 82 Misc 2d 550, *supra).* Accordingly, we find that the UCC 3-606 (1) (a) defenses are available to Schoonmaker and to the extent he can satisfy his burden of proving the requisite elements, namely, the existence of an agreement between plaintiff and Cross suspending the right to enforce the instrument against Cross and knowledge by plaintiff of Schoonmaker's rights of recourse, he will be discharged.

In this regard, it is clear from both the evidence of payments contained in the record and from plaintiff's delay in enforcing the note that plaintiff and Cross reached the oral agreement Cross alleges in his papers. It is equally clear that the existence of an agreement whereby the holder assents to extend the time for payment on the note falls within the category of agreements "suspend[ing] the right to enforce" as used in UCC 3-606 (1) (a) *(see generally,* 5 Hawkland, Leary & Alderman, Uniform Commercial Code Series § 3-606:02, at 60; *cf., National Park Bank v Koehler,* 204 NY 174, 179-180). Accordingly, the first element is satisfied.[2] On the subject of

---

**2.** We note in this regard our rejection of plaintiff's argument that to qualify under UCC 3-606 (1) (a), the agreement must be enforceable. UCC 3-606 (1) (a) merely requires that there be an "agreement", which term is defined simply to mean a bargain in fact—it need not be a binding and enforceable contract (UCC 1-201 [3]; *see, Lee Fed. Credit Union v Gussie,* 542 F2d 887; 1 White and Summers, Uniform Commercial Code § 13-15, at 664 [Practitioner's 3d ed]). The cases cited by plaintiff in support of an enforce-

knowledge, however, we reach a different conclusion. While it is evident that plaintiff knew of Schoonmaker's *contribution* rights at the time he entered into the extension agreement inasmuch as Schoonmaker's joint and several liability was expressly set forth in the note, the record is bereft of any indication that plaintiff knew of Schoonmaker's subsequently acquired *indemnification* rights. Schoonmaker thus having failed to satisfy his burden of proof in this regard, Schoonmaker can be discharged only to the extent of his contribution rights, i.e., one half the principal balance. He remains liable on the note for the remaining 50%. As to that portion, however, Schoonmaker is entitled to judgment over against Cross on his cross claim for contractual indemnification.

WEISS, P. J., MIKOLL, YESAWICH JR. and CASEY, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Clifford Schoonmaker's cross motion for summary judgment dismissing the complaint against him in its entirety on grounds of discharge under UCC 3-606; partial summary judgment awarded to plaintiff against Schoonmaker for one half of the principal balance, partial summary judgment awarded to Schoonmaker dismissing so much of the complaint as seeks to hold him liable as surety for the obligation of defendant Wessel Cross, and summary judgment awarded to Schoonmaker on his cross claim against Cross for contractual indemnification as to that portion of plaintiff's claim for which he remains liable; and, as so modified, affirmed.

---

ability requirement deal with general common-law suretyship principles rather than UCC 3-606 and, as such, are inapposite.