## Huyck vs. Meador.

Though one partner cannot sue his co-partner, at law, in actions *ex contractu*, for matters connected with the partnership, they stand in the same relation to each other as other persons as to all contracts or transactions not connected with the partnership.

A written acknowledgment of indebtedness to the plaintiff, without containing a promise to pay, or time of payment, may well be described in the declaration as a promissory note and due immediately.

*Appeal from Pulaski Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

RICE, GARLAND and FARR, for the appellant.

Defendant's special plea was a plea in abatement, (1 *Ch.* 440, 461, *note*; *Steph.* Pl., 49,) and should have been stricken out because not sworn to. 5 *Ark.*, 140, 522; 14 *ib.* 27.

The plea is fatally defective, because it sets up a partnership between plaintiff, defendant and others, but does not state that the note sued on, or the consideration thereof, or the matter set up in the common counts, in any way grew out of, or was then connected with their partnership matters. 6 *Ark.*, 191; 16 *Wendell*, 601; *Story on Part.*, 351, *note and authorities referred to; Collyer on Part.*, sec. 268.

One partner can be sued by another to pay a specific balance, *Pain vs. Hatcher*, 25 *Wendell*, 450; 6 *Barb.*, 537; *Story on Part.*, 218–229; 4 *Comstock*, 486; And as to contracts or debts not connected with the partnership, the partners stand towards each other as any other two persons would. *Moody vs. Payne*, 2 *J.C.R.* 548; *Story on Part.*, 372; 1 *Story's Eq. Jur.*, sec. 677.

Where no time is fixed for the payment of a note, it is payable immediately. 8 *J. R.*, 191, 291; 15 *Wend.*, 308; 3 *Denio*, 12.

That the instrument sued on is a promissory note. *Johnson vs.*

*Johnson, Minor* 263 ; *Smith's Mercantile Law,* 263 ; *Russell vs. Whipple,* 2 *Cowen,* 536; 1 *Hill* 259; 10 *Wend.* 680; 29 *Barb.* 180 ; 6 *N. Hamp.* 364; 7 *Verm.* 22. 2 *Hill* 59.

JENNINGS, for appellee.

Hon. JOHN J. CLENDENIN, Special Judge.

The appellant in this court, who was the plaintiff in the court below, commenced his action of assumpsit in the circuit court of Pulaski county. The declaration contained two counts ; the first count based on the following instrument in writing :

" Due I. Huyck or order, the sum of three thousand nine hundred and twenty eight dollars, ($3,928,) for value received of him, and on settlement up to date."

C. V. MEADOR.

Little Rock, Ark., Feb. 16, 1865.

[Stamp.]

And the second count being a general assumpsit account for money had and received, money paid, etc. The defendant filed two pleas, the first non-assumpsit, and the second a special plea to the second count of the declaration. The second or special plea is as follows :

" And the said defendant by attorney comes and for further plea to the second count of said plaintiff's declaration, by leave of the court here for that purpose first had and obtained, says *actio non*, because he says that before the making of the said several supposed promises in said second count mentioned, to wit: on the first day of June, A. D. 1864, he, the said defendant, and the said plaintiff, and Erastus Marshall, and Charles Carroll, at the city of Little Rock, in the county aforesaid, entered into co-partnership in the theatrical business, and as such partners carried on business together under the firm name, style, and description of "The Varieties Theatre" company in said city, from thence

hitherto, and that there are unsettled accounts growing out of the business of said copartnership, which still remain unsettled and unadjusted, and that a suit in chancery is now pending in the circuit court of the United States for the eastern district of the state of Arkansas, between the said Charles Carroll complainant, and him the said defendant, and the said Huyck and Marshall, defendants, for an account of said partnership dealings, and for a dissolution of said partnership, which he, the said defendant, is ready to verify, wherefore he prays judgment if the said plaintiff ought to have or maintain his aforesaid action as to said second count against him."

The plaintiff took issue to the first plea, and filed his demurrer to the second plea to the second count of the declaration. The court overruled the demurrer, and the plaintiff stood on his demurrer. The case was submitted to the court sitting as a jury upon the first count in the declaration and the first plea, and upon the trial found the issue for the defendant; the plaintiff moved for a new trial, which motion being overruled, he excepted to the opinion of the court, and brought his case to this court by appeal.

The first point raised by the record and the assignment of error, for our consideration, is as to the sufficiency of the second plea of the defendant to the second count of the declaration. This plea is unquestionably defective and insufficient, it tenders an immaterial issue, it alleges that a partnership existed between the plaintiff and defendant and other persons, but it does not aver that the matter in controversy in the suit then pending was in any manner connected with that partnership, or was any part of or connected with it.

Now while we admit the proposition that one partner cannot sue another partner at law in actions *ex contractu*, for matters connected with the partnership, we are equally clear that for contracts or transactions outside of the partnership, the parties stand in the same relation to each other in the courts of law as other persons. *Bisset on Partnership*, 78, *to* 86. In the case of

14

*Van Ness vs. Forrest*, 8 *Cranch* 30, it was decided that "if one partner give another his promissory note or his separate acceptance for value received on account of partnership, an action will lie on such note or bill. And in the case of *McCall vs. Oliver*, 1 *Stewart*, 510, it is decided "that an action at law lies by one partner against another on a writing ascertaining the amount due from one to the other, on a settlement, though there be no express promise to pay." See, also, 6 *Ark.*, 191; 16 *Wendell*, 601; *Story on Partnership*, 351. Authorities to this point could be multiplied, but we deem those already cited as sufficient.

Testing the plea by these principles and authorities, we are of the opinion that it was materially defective and insufficient, and that the circuit court erred in overruling the demurrer to the plea.

We come now to consider the other objection, raised by the record and the assignment of error. This question grows out of the action of the court below in refusing to permit the plaintiff to read as evidence, on the trial, the writing, (a copy of which is given before in this opinion,) and which writing may be said to be the foundation of the suit. The first count of the declaration avers that the defendant "made his certain promissory note in writing, etc." and that "he promised to pay immediately, etc." The first question to be decided, is, was the instrument offered in evidence a promissory note; and secondly, if it was, when was it payable.

A promissory note is a written promise for the payment of money. (*Bayley on Bills*, 1, 3.) The case of *Russell vs. Whipple*, 2 *Cowen*, 536, was upon a due bill in the following words: "Due Lawson Russell, or bearer, two hundred dollars and twenty-six cents, for value received." The court held in this case that this instrument was a promissory note.

In the case of *Kimball vs. Huntingdon*, 10 *Wendell*, 679–80, the court decided that an instrument similar to the one offered in evidence in this case is a promissory note, as it contains every quality essential to such paper, the acknowledgment of indebted-

ness on its face implies a promise to pay. So in the case of *Franklin vs. Marsh*, 6 *New Hampshire Rep.*, 364, it was held that a writing in these words : " Good to Cochran or order, for thirty dollars, borrowed money," is a promissory note. See, also, *Smith's Mercantile Law*, 263 , 1 *Hill*, 259 ; 7 *Vermont*, 22 ; 2 *Hill*, 59.

Holding, as we do, that the instrument declared on in this case and offered in evidence is a promissory note, the enquiry next arises, when, by its terms, did it become due and payable. No time of payment being named in the note, it is due immediately, and was so correctly described in the plaintiff's declaration. See *Sacket vs. Spence*, 29 *Barb.*, 180 ; 8 *Johnson*, 191, 192 ; 15 *Wendell*, 308 ; 3 *Denio*, 12.

We are therefore of the opinion that there was no variance between the note offered in evidence, and that declared on ; and that the circuit court erred in not permitting the note to be read in evidence.

The judgment of the circuit court must be reversed, the cause remanded, with instructions to the court below to grant a new trial, to sustain the demurrer to the defendant's second plea to the second count of the declaration, and for such other proceedings to be had in accordance with law and not inconsistent with this opinion.

Mr. Chief Justice YONLEY did not sit in this case.