ANDERSON v. PEARCE & STEWART.

1. WRITS AND PROCESS: *Summons: Default judgment.*
   A summons issued and served in March, ten days before the March term of the court, and commanding the defendant to answer on the first day of the next *spring* term of the court, is sufficient to support a judgment by default at the March term.
2. NOTES AND BILLS: *Adding suffix to maker's name.*
   An instrument as follows: "August 28, 1878. Balance due Pearce & Stewart one hundred and seventy-eight dollars for work on Hazel Valley school-house and halls," signed "O. J. Anderson, S. J. Hopkins, Committee," is the personal due-bill of the signers and payable on demand.

APPEAL from *Benton* Circuit Court.
Hon. J. H. BERRY, Circuit Judge.

*R. B. Davidson*, for appellant:

No service shown by record. *Galpin v. Page*, 18 *Wall.;* 7 *Ark.*, 445; *Henderson v. Breeding ; Settlevier v. Sullivan, U. S. Sup. Ct., October term,* 1878. The summons in this case not legal. 3 *Ark.*, 558; 3 *Estes, p.* 487; 1 *Ark.*, 376. Variance. 6 *Ark.*, 531. Separate judgment without showing dismissal as to the other party sued, error.

Other irregularities argued, without authorities cited.

As to what is a promissory note. *Danl. on Neg. Inst., pp.* 32, 33. No personal obligation on note signed as trustee or committee. *Gillett v. N., M. Sav. B. R; Chic. Legal News, Dec.* 25, 1880.

*U. M. Rose*, for appellee:

The writ sufficient. 12 *Ala.*, 444; 23 *ib.*, 684; 5 *Ill.*, (4 *Scam.*), 333; 41 *Mich.*, 722.


HARRISON, J. This was an action by S. V. Pearce and William T. M. Stewart, partners in the carpenter's trade under the firm name of Pearce & Stewart, against O. I. Anderson and S. J. Hopkins, upon the following instrument:

"AUGUST 28, 1878.

"Balance due Pearce & Stewart, one hundred and seventy-eight dollars ($178), for work done on Hazel Valley school-house and hall.

" O. I. ANDERSON,
" S. J. HOPKINS,
" Committee."

The complaint alleged that the instrument was given to the plaintiffs for work and labor done and performed by them at the instance and request of the defendants in and about the building of a house known as the "Hazel Val-

ley srhool-house and hall," and that they thereby promised to pay them the sum of money therein mentioned on demand.

The complaint was filed and the summons issued on the sixth day of March, 1879. The summons was as follows:

" The state of Arkansas to the sheriff of Benton county:

"You are commanded to summon O. I. Anderson and S. J. Hopkins to answer on the first day of the next *spring* term of the Benton circuit court, a complaint filed against them in said court by Pearce & Stewart, and warn them that upon their failure to answer, the complaint will be taken for confessed. And you will make due return of the summons on the first day of the next *spring* term of said court.

" Witness my hand, and seal of said court, this sixth day of March, 1879.

"[L. S.]                              JOHN BLACK, Clerk."

The summons was served the same day it was issued, on Anderson, but there was no service on Hopkins.

At the succeeding or March term, 1879, of the court, which commenced on the thirty-first day of March, judgment by default was rendered against Anderson for the sum mentioned in the instrument, and interest thereon from the date of it.

Anderson appealed.

It is contended that the summons was insufficient, and that the judgment by default is, for that reason, void.

1. SUMMONS: Sufficiency of.

The objections made to the summons, are: That it was made returnable to the *spring term* of the court; that the full names of the plaintiffs were not stated in it; and that the plaintiffs were not described as partners, as in the complaint.

The terms of the courts are fixed by law ; and the summons, unless the next term begins within ten days from its next date, is required to be made returnable to the first day of the next term ; appellant must therefore have known to what term the writ was made returnable, and when the same was to be held, and could not have been misled by its designation as the next *spring* instead of more correctly the next *March* term.  *Lore v. McRae, 12 Ala., 444; Rogers v. Miller, 4 Scam., 333.*

The other defects in the summons affected no substantial right of the appellant, and he was in no wise prejudiced by them.  If he had any defense to the action he should have made it.

2. NOTES AND BLLS: Adding suffix to maker's name.

The appellant also insists that the instrument sued on does not import a promise or obligation of the makers to pay the sum of money specified in it.

The word *"committee,"* following the signatures of the makers, does not evince an intention that they themselves were not to be bound, or that the debt thereby admitted was not their own.

Daniel, in his work on Negotiable Instruments, says : "If the agent sign a note with his own name and discloses no principal, he is personally bound.  The party so signing must have intended to bind somebody upon the instrument, and no promiser but himself therein appearing, it must be construed as his note, or as a nullity.  And though he term himself 'agent,' such suffix to his name will be regarded as a mere *descriptio personæ*, or as a ear-mark of the transaction, and may be rejected as surplusage."  *1 Dan. Neg. Ins., sec. 305; Graham v. Campbell, 56 Ga., 258; Collins v. Buckeye State Ins. Co., 17 Ohio St., 215; Williams v. Robbins, 16 Gray, 77; Arnold v. Sprague, 34 Vt., 402.*

The instrument was a due-bill, and the law implied

from the acknowledgment of the debt, a promise to pay it on demand. *1 Dan. Neg. Ins., sec. 37; Huyck v. Meador, 24 Ark., 191.*

The judgment is affirmed.