Roger L. GREEN, M.D. *v.* Edna GOWEN
and Curtis GOWEN

83-132                                          652 S.W.2d 624

Supreme Court of Arkansas
Opinion delivered June 6, 1983
[Rehearing denied July 11, 1983.]

*Joseph Philip James,* for appellant.

*Charles R. Easterling,* for appellees.

ROBERT H. DUDLEY, Justice. On February 10, 1979, appellee, Edna Gowen, a patient of appellant, Dr. Roger L. Green, suffered a severe fracture of the right femur while in appellant's waiting room. Appellee and her husband, Curtis Gowen, contended that the fall occurred when an employee of appellant negligently pushed a castered stool into her path. Appellant's defense was that the appellee fell for no apparent reason. The trial court denied appellant's motion for a directed verdict and the jury then returned a verdict in the sum of $15,000. The court subsequently denied appellant's motion for a new trial. Appellant contends the trial court erred in refusing to direct a verdict and in refusing to grant a new trial. We find no error. Jurisdiction of this tort case is in this Court pursuant to Rule 29 (1) (o).

In determining on appeal the correctness of the trial court's action concerning a motion for a directed verdict by either party, we view the evidence that is most favorable to the party against whom the verdict is sought and give it the highest probative value, taking into account all reasonable inferences deducible from it. The motion should be granted only if the evidence so viewed would be so insubstantial as to require a jury verdict for the party to be set aside. *Pritchard* v. *Times Southwest Broadcasting, Inc.,* 277 Ark. 458, 642 S.W.2d 877 (1982).

The appellee testified that her fall and the resulting injury occurred because appellant's employee pushed a castered stool into her path. Her orthopedic surgeon testified that the line of her fracture was consistent with falling across an object. Such evidence, although disputed, is not so

insubstantial as to require the jury verdict to be set aside. A question of credibility of the witnesses was presented and the jury chose to believe the evidence presented by the appellees.

Since the trial court correctly found the evidence was sufficient to deny the motion for a directed verdict, it follows that it also correctly denied the motion for a new trial based upon insufficiency of the evidence. *See Landis* v. *Hastings,* 276 Ark. 135, 633 S.W.2d 26 (1982).

Affirmed.