Theresa WEATHERS *v.* James A. WEATHERS

CA 82-490                                             658 S.W.2d 427

Court of Appeals of Arkansas
Division I
Opinion delivered October 19, 1983

*Mills, Patterson & Shoffner,* by: *William P. Mills,* for appellant.

*Boyett, Morgan & Millar, P.A.,* by: *Mike Millar,* for appellee.

DONALD L. CORBIN, Judge. Appellant, Theresa Weathers, appeals a decision of the chancellor who terminated her alimony payments. We affirm.

Appellant and appellee, James A. Weathers, resided together in Chicago, Illinois, during their 28 years of marriage. Appellee left appellant and moved to Bald Knob, Arkansas. He filed for divorce in White County, Arkansas, on January 6, 1982. Appellant was represented by an attorney ad litem. On March 26, 1982, a decree of divorce was entered requiring appellee to pay to appellant the sum of $50.00 per week for support for a term of two months, to be

automatically terminated if appellant failed to appear for testimony concerning alimony payments. Appellant was allegedly under a doctor's care for severe hypertension and diabetes. The doctor recommended that she not travel from Illinois to Arkansas. Pursuant to A.R.C.P. Rule 31,. a deposition upon written questions was submitted to appellant by both her attorney ad litem and the attorney for appellee. Appellee filed an objection to certain questions set out in the deposition upon written questions on the basis that appellant should be required to substantiate her answers and furnish verified proof prior to consideration by the court. The record before us does not indicate what action the chancellor took in regard to appellee's objection. The court entered a subsequent order dated August 9, 1982, wherein he denied appellant's claim for alimony.

Appellant's first two points for reversal allege: (1) The chancellor was incorrect in excluding the deposition upon written questions because it was in proper form, properly offered into evidence and was used for the proper purpose, and (2) Appellee should be estopped from denying the admissibility of the deposition upon written questions because during direct examination of his witness, appellee's attorney used the answers he had previously objected to and his objections should be waived.

Insofar as appellant's evidentiary arguments are concerned, the record before this Court reveals that appellant's attorney did not make an offer to the court of the deposition upon written questions. This is not considered evidence where it was not introduced in evidence upon the trial of the case. See, *Carter* v. *Quick*, 263 Ark. 202, 205, 563 S.W.2d 461 (1978); *Walthour* v. *Alexander*, 243 Ark. 621, 421 S.W.2d 613 (1967); *Featherston* v. *Jackson*, 183 Ark. 373, 36 S.W.2d 405 (1931); *National Annuity Association* v. *McCall*, 103 Ark. 201, 146 S.W. 125 (1912); *Taylor* v. *Robinson*, 94 Ark. 560, 126 S.W. 972 (1910). Appellant's contention that the trial court erred in excluding the deposition upon written questions is without merit since appellant never made an offer of it and the chancellor, logically, never excluded it.

Finally, appellant contends that the chancellor erred in refusing to grant appellant alimony. While chancery cases

are tried *de novo* on appeal, the findings of a chancellor will not be reversed unless clearly against a preponderance of the evidence. Since the question of the preponderance of the evidence turns largely on the credibility of the witnesses, we defer to the superior position of the chancellor. *Andres* v. *Andres,* 1 Ark. App. 75, 613 S.W.2d 404 (1981); A.R.C.P. Rule 52 (a). The award of alimony in a divorce action is not mandatory but is a question which addresses itself to the sound discretion of the chancellor. We do not reverse the chancellor's determination unless we find a clear abuse of that discretion. *Neal* v. *Neal,* 258 Ark. 338, 524 S.W.2d 460 (1975); *Narisi* v. *Narisi,* 229 Ark. 1059, 320 S.W.2d 757 (1959). In determining whether to allow alimony and in fixing the amount to be allowed, our Court has stated many factors which may be considered by the court. In *Boyles* v. *Boyles,* 268 Ark. 120, 594 S.W.2d 17 (1980), the Court stated:

> In fixing the amount of alimony, the courts consider many factors. Among them are the financial circumstances of both parties, the financial needs and obligations of both the couple's past standard of living, the value of jointly owned property, the amount and nature of the income, both current and anticipated, of both husband and wife, the extent and nature of the resources and assets of each that is "spendable," the amounts which, after entry of the decree, will be available to each of the parties for the payment of living expenses, the earning ability and capacity of both husband and wife, property awarded or given to one of the parties, either by the court or the other party, the disposition made of the homestead or jointly owned property, the condition of health and medical needs of both husband and wife, the relative fault of the parties and their conduct, both before and after separation, in relation to the marital status, to each other and to the property of one or the other or both, the duration of the marriage and even the amount of child support.

However, in *Lewis* v. *Lewis,* 202 Ark. 740, 151 S.W.2d 998 (1941), and *Boyles, supra,* the Court has stated that in fixing the amount of alimony the primary consideration is the ability of the husband to pay regardless of what other factors

may indicate. In the instant case, we cannot say that the chancellor's finding that appellant's temporary alimony should be terminated was an abuse of his discretion in view of the limited evidence before him. Appellant did not appear at the hearing to determine the issue of the continuance of alimony. As we stated in regard to appellant's first argument for reversal, the deposition upon written questions was never offered into evidence and, therefore, was not considered as evidence. The only evidence before the trial court at this hearing was appellee's testimony and exhibits he introduced. Appellee testified that prior to the party's separation, appellant received rental income of $165.00 per month and that appellant was not in bad health. He further testified that appellant owned a house in Chicago valued at $24,000 to $30,000, and that she had received $7,000 from its sale in 1981 and that she had several savings accounts which paid her interest income. We cannot say that the chancellor abused his discretion in denying appellant alimony.

Affirmed.

MAYFIELD and COOPER, JJ., agree.