Alton BOHANNON *v.* Jewell BOHANNON

CA 84-200                                                    675 S.W.2d 850

Court of Appeals of Arkansas
En Banc
Opinion delivered October 3, 1984

*Henry C. Morris,* for appellant.

*Wilson, Walker & Short, P.A.,* by: *Charles M. Walker,* for appellee.

DONALD L. CORBIN, Judge. Appellant, Alton Bohannon, appeals a decision of the chancellor requiring appellant to pay appellee, Jewell Bohannon, alimony in the sum of $400.00 per month and the award of possession of the marital home to appellee. We affirm the chancellor's decree in both respects.

At the time of the hearing on November 17, 1983, appellee was seventy years of age and the parties had been married for 48 years. The record reflects that appellee was in poor health, unable to work and had a monthly income of $141.00. Appellee's testimony established her monthly expenses at over $500.00, which figure excluded gasoline, car upkeep and insurance expenses. Appellant did not choose to testify, the proof of more than three years separation having been stipulated by the parties and verified by appellee in her testimony. It was also stipulated by the parties that appellant's monthly income amounted to $1,291.00

It is well settled that while chancery cases are tried *de novo* on appeal, the findings of a chancellor will not be reversed unless clearly against a preponderance of the evidence. Since the question of the preponderance of the evidence turns largely on the credibility of the witnesses, we defer to the superior position of the chancellor. *Andres* v. *Andres,* 1 Ark. App. 75, 613 S.W.2d 404 (1981); A.R.C.P. Rule 52(a). The award of alimony in a divorce action is not mandatory but is a question which addresses itself to the sound discretion of the chancellor. We do not reverse the chancellor's determination unless we find a clear abuse of that discretion. *Weathers* v. *Weathers,* 9 Ark. App. 300, 658 S.W.2d 427 (1983); *Neal* v. *Neal,* 258 Ark. 338, 524 S.W.2d 460 (1975). Among the factors considered by the courts in fixing the amount of alimony are the financial circumstances of both parties, the financial needs and obligations of their past standard of living, the value of jointly owned property, the

amount and nature of the current and anticipated income of each, the extent and nature of the resources and assets of each that is spendable, the amounts, after entry of the decree, which will be available to each for the payment of living expenses, the earning ability and capacity of both husband and wife, property awarded or given to one of the parties by the court or the other party, the disposition made of the homestead or jointly owned property, the condition of their health and medical needs, the relative fault of the parties and their conduct before and after separation to each other and to the property of one or both, the duration of the marriage and amount of child support. *Boyles* v. *Boyles*, 268 Ark. 120, 594 S.W.2d 17 (1980). In *Russell* v. *Russell*, 275 Ark. 193, 628 S.W.2d 315 (1982), the Arkansas Supreme Court deleted the relative fault of the parties as a factor considered by the courts in fixing the amount of alimony. It has also been stated that the primary consideration is the ability of the husband to pay regardless of what other factors may indicate. *Boyles, supra.* Although appellant in the instant case had the opportunity to present evidence of his financial condition, he elected not to testify. From our *de novo* review of the evidence presented, we cannot say that the chancellor's award of alimony was an abuse of discretion.

Appellant also contends that the court erred in awarding appellee the use and possession of the marital home. The abstract of the record reflects that a decree of separate maintenance was entered on May 20, 1981, wherein appellee was granted separate maintenance. The decree recites that the parties, together with their then respective attorneys, were present and that the parties had agreed in open court upon a settlement of their property rights, among other things. Pursuant to this agreement, appellee was placed in possession of four acres and a residence, title to which was in the name of appellant. The agreement was approved by the court and incorporated in the decree. In his complaint for divorce, appellant alleged that property rights had been adjudicated and settled between the parties. Appellee, in her response to appellant's complaint for divorce, stated that a decree of separate maintenance previously issued by the trial court on May 20, 1981, incorporating a property settlement

agreement should be enforced and continued; and additionally, stated that if the court didn't enforce the agreement, that additional property issues existing between the parties should be settled. On the date set for hearing, appellant's attorney announced that three issues were to be decided. These included the divorce, alimony and attorney's fees. The record reflects that appellant's attorney did not raise the issue of possession of the marital home at this time. This argument was raised for the first time on appeal. We do not consider matters raised in such a manner. *Bull* v. *Brantner,* 10 Ark. App. 229, 662 S.W.2d 476 (1984).

Affirmed.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. With due respect, I do not agree with a portion of the majority's opinion in this case.

The appellant's sole contention is that the trial court's judgment awarding the appellee $400.00 per month alimony and the right to live in the parties' marital home for the rest of her life is contrary to the preponderance of the evidence. I think the evidence supports the alimony award, but the appellant is absolutely right as to the home issue.

A careful reading of the majority's opinion reveals that the only bases upon which it attempts to sustain the award of the home is (1) it was agreed to and (2) the issue is being raised for the first time on appeal.

The problem with the first position is that the appellant designated all of the evidence to be contained in the record on appeal and the record shows that *no such agreement* was introduced into evidence. In fact, the majority opinion very carefully avoids stating otherwise. The record does contain a decree of separate maintenance entered on May 20, 1981, and it recites that for $10,000.00 paid in open court the appellee relinquishes all right,

title, and interest to all properties owned by appellant except that out of 124 acres which the parties have previously conveyed to their two sons and their wives, those grantees *will reconvey* to the *appellant* four acres on which is located a home, and the appellee shall have possession and use of this home as long as she lives or until she permanently moves from it. However, the fact that the parties had settled their property rights by an agreement which had been approved by the court in the separate maintenance suit did not mean that the divorce decree entered eighteen months later should again recite *some* of the terms of the property settlement set out in the separate maintenance decree. To the contrary, it very definitely indicates otherwise. If there has been *no new agreement,* then there is simply no need to again recite any of the terms of the old agreement, and if *there has been* a new agreement, it is wrong for the new judgment to incorporate terms of the old agreement.

The problem is that the court entered judgment based upon the old agreement without *any* evidence that it was still in effect and unchanged. As the appellant's brief asserts "there is simply the unexplained inclusion of the terms of the earlier decree of separation."

The majority opinion seeks to justify the trial court's action by saying the appellant's attorney did not raise the issue of the use and possession of the home in the trial court and is raising it here for the first time. The short answer to that is the case of *Bass* v. *Koller,* 276 Ark. 93, 632 S.W.2d 410 (1982). There, the Supreme Court of Arkansas held that under Civil Procedure Rule 50 (e), it is not necessary, in a non-jury trial, to make a motion in the trial court questioning the sufficiency of the evidence in order to raise that issue on appeal. The instant case was tried non-jury and appellant has the right to question the sufficiency of the evidence for the first time on appeal. Parenthetically, I note that appellant's attorney on appeal was not his attorney at the trial and I do not criticize the new attorney for raising this issue on appeal. Furthermore, the appellant's complaint for divorce alleges that the property rights "have already been determined and

settled between the parties." It was, therefore, the appellee's burden to show otherwise and she has failed to do that.

I would delete the chancellor's reference to the use and possession of the home because it is not supported by the evidence.

COOPER, J., joins in this dissent.