Patsy Fay DEATON *v.* Freemont DEATON

CA 85-29                    692 S.W.2d 267

Court of Appeals of Arkansas
En Banc
Opinion delivered July 3, 1985

*Garland Q. Ridenour, Ltd.*, for appellant.

*Charles P. Allen*, for appellee.

LAWSON CLONINGER, Judge. The appellant, Patsy Fay Deaton, appeals from an order of the Phillips County Chancery Court, holding her responsible for one-half (½) of a mortgage debt which she and her husband, appellee, Freemont Deaton, had incurred on their residential property. We think the chancellor's order was correct and affirm. We have noted appellee's criticism

of appellant's abstract and we agree that it is difficult to ascertain the facts from the record as it is presented to us in this case. However, we think the record and abstract are sufficient enough to allow us to find that the chancellor did not err in his findings.

The parties were divorced in April of 1982. At that time, they owned a house and three lots as tenants by the entirety. The chancellor ordered that the tenancy be dissolved and that the parties should hold title to the property as tenants in common. Appellee was awarded temporary possession of the house and was to make the mortgage payments, but the chancellor ordered the parties to list the property immediately with a realtor.

Two years later, the chancellor finally ordered that the property be sold at a public sale. During those two years, appellee failed to make certain support payments and he took more than his fair share of the parties' personal property. The chancellor conducted hearings on these issues and awarded judgments for these and other items in favor of appellant and imposed several liens in amounts undisclosed by the record on appellee's equity in the house for these judgments.

At the public sale, which was conducted in May of 1984, appellee's brother purchased the property for $50,000. It appears from the record that appellant's judgment liens against appellee were paid out of the sale proceeds with no objection. The chancellor subsequently found that the mortgage debt on the property should also come out of the sale proceeds. He thus entered an order stating that appellee's brother had taken the property free and clear of the outstanding mortgage debt owed by the parties, and that appellant was responsible for one-half of that mortgage debt. It is from this order that appellant brings this appeal.

Appellant argues first that the chancellor erred in not finding that the property was sold subject to the mortgage. For support, appellant cites the general rule that at judicial sales, the purchaser acquires the same title and rights as the person whose interest is being sold, and thus, he takes the property subject to all liens. *See Jones* v. *Nix*, 232 Ark. 182, 334 S.W.2d 891 (1960). Appellant also points out that if the property was sold free and clear of any liens then the public notice of the sale should have so specified.

Appellant also argues that appellee should have been estopped from making a claim for one-half of the mortgage debt *after* the sale had been conducted and confirmed by the court. According to appellant, appellee should have brought the issue to the court's attention prior to the public sale.

Finally, appellant argues that the chancellor did not have the inherent power or statutory authority to impose on the property the judgment liens for funds due appellant from appellee. We assume that appellant's point is that the chancellor acted equitably in not passing these unauthorized "liens" on to the purchaser of the property but that he acted inequitably in not passing the mortgage on to the purchaser of the property.

Appellee responds by arguing that the chancellor correctly held that appellant was responsible for one-half of the mortgage debt. Appellee points out that all prior orders of the chancellor were to the effect that the parties would be responsible for the mortgage. Also, the chancellor had found that appellant's position regarding the mortgage debt was inconsistent with her position regarding the judgment liens in her favor. He stated that appellant could not "in good conscience argue that the bidder take subject to the mortgage lien, but not to the judgment lien which was satisfied from the proceeds."

Appellee also argues that he should not be estopped from questioning the payment of the mortgage because throughout the course of these proceedings, the chancellor had consistently ordered that the "net" proceeds from the property would be divided between the parties. Therefore, appellee maintains that his position has remained unchanged.

Finally, appellee submits that even if the chancellor did not have the authority to impose the judgment liens on the property, nevertheless, appellant received the funds for those liens and therefore she should not be allowed to complain.

In our review of chancery cases, we do not reverse the findings of the chancellor unless they are clearly erroneous or clearly against the preponderance of the evidence. *See Weathers* v. *Weathers,* 9 Ark. App. 300, 658 S.W.2d 427 (1983). Here, we do not think the chancellor's finding that appellant was responsible for one-half of the mortgage debt is clearly erroneous.

Appellant has been before the chancellor for numerous hearings pursuant to the settlement of this case. She has been aware of her responsibility for part of the mortgage throughout the proceedings and as appellee pointed out, in March of 1982, the chancellor ordered the equal division of the "net" proceeds from the sale of the property.

We are not persuaded by appellant's argument that the judgment liens in her favor were invalid. The record does not establish that she made any objection to the creation of the liens at any time and her utilization of this argument to relieve her of the mortgage debt responsibility, after receiving payment of the liens, is untenable.

Furthermore, while the cases appellant cites do support the general rule that purchasers at judicial sales take the property subject to all encumbrances, these cases are factually dissimilar to the one at bar. None of the cases dealt with a chancellor's order in a divorce proceeding declaring that the purchaser at a judicial sale takes free of all liens and holding the sellers liable for their mortgage debt. We think the chancellor correctly dealt with the parties under the facts of this case as revealed by the somewhat inadequate record. The appellant has failed to demonstrate error; therefore, we do not think the chancellor's order was clearly erroneous and we affirm.

MAYFIELD, J., dissents.