Ron PACK and PACK's DISCOUNT, INC. *v.* Bobby
HILL, d/b/a BOBBY HILL STEEL BLDGS.

CA 85-336                                      710 S.W.2d 847

Court of Appeals of Arkansas
Division I
Opinion delivered June 11, 1986

*Hatfield, Robinson, Hodges, Marshall, Jordan & Shively*,
by: *Steven B. Jordan*, for appellant.

*David M. Clark*, for appellee.

MELVIN MAYFIELD, Judge. ■ Appellee, Bobby Hill, do-
ing business as Bobby Hill Steel Buildings, commenced this
action in the Independence County Chancery Court seeking
$13,302.40 against appellants, Ron Pack and Pack's Discount,
Inc. The dispute arose over a metal building constructed by
appellee for appellants. The amount sought represents the bal-
ance alleged to be due on a total contract price of $59,702.40. The
appellants counterclaimed alleging defects in materials and
workmanship in the metal building. After trial, the chancellor

granted appellee judgment for the full amount sought, but allowed a setoff of $2,009.00 as the reasonable costs of repair for the defects in the building. The court also awarded appellee attorney's fees of $1,000.00 and granted appellee's request for a lien on the property. On appeal, the appellants contend that the chancellor used the wrong measure of damages in assessing the setoff to which they were entitled, and that the chancellor incorrectly awarded attorney's fees in this case. Our standard of review is well established.

It is well settled that while chancery cases are tried *de novo* on appeal, the findings of a chancellor will not be reversed unless clearly against a preponderance of the evidence. Since the question of the preponderance of the evidence turns largely on the credibility of the witnesses, we defer to the superior position of the chancellor.

*Bohannon* v. *Bohannon*, 12 Ark. App. 296, 297, 675 S.W.2d 850, 851 (1984), citing *Andres* v. *Andres*, 1 Ark. App. 75, 613 S.W.2d 404 (1981); ARCP Rule 52(a).

As to appellants' first point for reversal, our review of the evidence reveals that the chancellor's finding that appellants were entitled to a setoff of $2,009.00 was not clearly erroneous or against a preponderance of the evidence. The chancellor heard the testimony from eight witnesses and was presented with evidence which could justify awarding a setoff of anywhere from zero to $33,000.00. The appellants are correct in stating that the proper measure of damages, where a building contractor breaches his contract, is either the cost of repair or the difference between the value as it is and the value promised, *Bowman* v. *McFarlin*, 1 Ark. App. 235, 615 S.W.2d 383 (1981); they are incorrect in assuming that either measure of damages must be applied on an "all or nothing" basis. We think it would serve no purpose to discuss the evidence in detail, but after careful consideration, we find that the trial court's award of $2,009.00 as the reasonable cost of repairs is not clearly against the preponderance of the evidence, and that award is affirmed.

Appellants' second point is that the chancellor erred in awarding attorney's fees of $1,000.00 to appellee. Generally, attorney's fees are not allowed in Arkansas unless authorized by statute. *Brady* v. *Alken, Inc.*, 273 Ark. 147, 152, 617 S.W.2d 358,

360 (1981). For many years a provision in a promissory note for attorney's fee was held to be against public policy and therefore unenforceable, but in 1951 the legislature changed the rule by authorizing parties to a note to agree upon a reasonable fee for the creditor. *Holloway* v. *Pocahontas Federal Savings and Loan Asso.*, 230 Ark. 310, 323 S.W.2d 204 (1959). *See also Hough* v. *Continental Leasing Corp.*, 275 Ark. 340, 630 S.W.2d 19 (1982). The trial court apparently accepted appellee's argument that the contract for construction of the building constituted a promissory note as defined by Ark. Stat. Ann. Sections 85-3-104 and 105 (Add. 1961). However, a plain reading of those statutes cannot support the contention that the contract in question is a note. An instrument cannot be a note unless it contains an absolute and unconditional promise to pay money. *Parker* v. *Pledger*, 269 Ark. 925, 601 S.W.2d 897 (Ark. App. 1980). Here, the promise to pay money was conditioned by its very terms upon the reciprocal promise to construct a metal building by appellee.

Since attorney's fees cannot be awarded on the basis that the contract is a promissory note, there must be specific statutory authority for such an award. We have not been cited, nor have we found, a statute authorizing payment of attorney's fees in a case such as this; therefore, the chancellor's decree is reduced by the amount of $1,000.00 which was awarded for attorney's fees.

Affirmed as modified.

CRACRAFT, C.J., and COOPER, J., agree.