Jack C. CARPENTER *v.* Joyce SCHNEIDER,
Administratrix of the Estate of Hubert SCHNEIDER,
Deceased

CA 87-117                                                737 S.W.2d 656

Court of Appeals of Arkansas
Division II
Opinion delivered October 14, 1987
[Rehearing denied November 11, 1987.]

Appeal from Pulaski Circuit Court, Sixth Division, *Mike Hulen*, Special Judge; ▆▆▆▆▆

*John H. Adametz, Jr.*, for appellant.

*Dodds, Kidd, Ryan and Moore*, for appellee.

GEORGE K. CRACRAFT, Judge. Jack C. Carpenter appeals from a judgment of $11,266.09 entered against him and in favor of the estate of Hubert Schneider, deceased. He advances three points of error, each challenging the sufficiency of the evidence. We find no merit in any of the points and affirm.

After the death of Hubert Schneider, Joyce Schneider, his widow, was appointed administratrix of his estate and brought this action against Jack C. Carpenter to recover $9,500.00 alleged to have been owed by him to the deceased. The action is

based on two written instruments. The first was a writing which stated: "I, Jack Carpenter, owe Hubert Schneider $6,000.00. /s/ Jack Carpenter, 1-26-85." The second was a cancelled check dated February 1, 1985, in the amount of $3500.00, drawn on the account of the deceased, and payable to the order of Jack C. Carpenter and endorsed by him. Appellant answered, pleading the affirmative defenses of accord and satisfaction, failure of consideration, and payment.

At trial, all hearsay evidence was excluded. Appellee introduced the two writings into evidence, stating that she knew nothing of the transactions other than what her husband had told her and rested her case. The appellant testified that the signature on the first writing was genuine and that he had received and cashed the check for $3,500.00. He stated that he and the decedent had planned to go into a business together to which the decedent was to contribute $5,000.00. He stated that the acknowledgment of indebtedness was executed in the amount of $6000.00 in order to show the decedent that the appellant fully expected the venture to be profitable. He testified, however, that the acknowledgment of debt was signed before any funds were advanced under it. He admitted receiving and cashing the check for $3500.00, but claimed that it was intended to be a portion of the $5000.00 to be advanced by the decedent. Appellant also claimed he had repaid the $3500.00 to the decedent the day he was discharged from the hospital but produced no receipts for the money.

The trial court found that appellee had met her burden of proving both that the appellant owed the $6000.00 as evidenced by the acknowledgment of indebtedness and the $3500.00 as evidenced by the check, and that the appellant had failed to prove his affirmative defenses. The appellant contends that the trial court erred in denying his motion for a directed verdict; that the evidence is insufficient to support the judgment; and that the court erred in finding that the acknowledgment of the indebtedness constituted a promissory note raising a prima facie case in favor of the appellee. We find no merit in these contentions.

During the trial and in his closing remarks, the trial court did refer to the acknowledgment of indebtedness as a promissory note and stated that it was sufficient to establish a prima facie case

which shifted the burden to prove the affirmative defenses to the appellant. The appellant argues that this was error because that document did not meet the true definition of a promissory note.

Earlier cases hold that documents similar to the one in question constitute promissory notes payable on demand, even though not negotiable. *Huyck* v. *Meador*, 24 Ark. 191 (1866). Appellant argues that these cases are no longer applicable because Ark. Stat. Ann. § 85-3-102(1)(c) (Add. 1961) requires that a promise be "more than an acknowledgement of an obligation." It is not necessary for us to address that question because we conclude that, whether the document be determined to be a note or acknowledgment of a debt, the burden to prove any affirmative defenses was properly placed upon the appellant.

In *Anderson* v. *Pearce*, 36 Ark. 293 (1880), it was held that an instrument containing an acknowledgment of debt is a "due bill" and creates an enforceable obligation which implies a valid consideration and promise to repay on demand. Here, the appellant acknowledged that the signature on the instrument was genuine. Valid consideration and a promise to repay were therefore implied. The burden of proving his affirmative defenses rested on appellant. The court was not required to believe appellant's testimony that there was failure of consideration.

Appellant next contends that the evidence was insufficient to support a finding that he was obligated to repay the $3500.00 evidenced by the decedent's check. Appellant admitted cashing the check but stated that he had repaid the decedent in cash on the date he was dismissed from the hospital. He stated that the decedent wanted payment in cash because he needed money for a trip to England with the National Guard. He stated that the deceased put the money in his pants' pocket before he left the hospital. Appellee and her daughter, however, testified that appellant did not visit the deceased on the day he was discharged from the hospital. Appellee testified that decedent left the hospital dressed in pajamas, that he was still wearing them when she unpacked his bags for him, and that she found no cash, other than a few coins, among his clothing. Appellee further testified that before her husband left on the trip to England she had cashed checks at grocery stores to obtain cash for him.

We conclude that the trial court properly ruled, on

introduction of the documents and proof of the signature, that the burden of proving any affirmative defenses shifted to the appellant. We cannot conclude that the trial court's finding that appellant failed to meet his burden is clearly against a preponderance of the evidence.

Affirmed.

COOPER and MAYFIELD, JJ., agree.