FIRST STATE BANK & TRUST CO., Executor of the Estate of Kay Carroll, Deceased *v.* Dewayne SLEDGE

CA 89-146                                          777 S.W.2d 227

Court of Appeals of Arkansas
Division I
Opinion delivered October 4, 1989

*Phil Stratton* and *Casey Jones*, by: *Phil Stratton*, for appellant.

*Brazil, Clawson & Adlong*, by: *William Clay Brazil*, for appellee.

MELVIN MAYFIELD, Judge. Appellant brings this appeal from the Faulkner County Circuit Court's dismissal of its complaint against appellee to collect $2,500.00 alleged to be owed the estate of Kay Carroll.

The evidence is not in dispute. An officer of appellant bank, testified that the bank was appointed guardian of Kay Carroll in February of 1987. After this suit was filed, Ms. Carroll died. The bank was then appointed executor of her estate and timely revived the suit against the appellee. The bank officer testified that a check dated June 30, 1986, was found among Ms. Carroll's papers. The check is signed by Kay Carroll, is made payable to appellee for $2,500.00, has the word "loan" written on the memo line on the front of the check, and has stamped information on the back which indicates it was paid by the bank. The bank officer also testified that, prior to the bank's assuming guardianship, he did not know Ms. Carroll and had no knowledge of her business affairs. He testified that he did not have any knowledge about the circumstances surrounding the check and did not know whether she loaned appellee any money. Appellant then rested its case, appellee moved to dismiss for failure to present a *prima facie* case, and the court granted the motion.

Appellant urges that the dismissal was erroneous because the introduction of the check into evidence constituted *prima facie* evidence of debt and shifted to appellee the burden of going forward with evidence to avoid the *prima facie* case made by appellant. We do not agree. In order for the check to be actionable, as appellant contends, it had to be in the nature of a note. However, "[a]n instrument cannot be a note unless it contains an absolute and unconditional promise to pay money." *Pack* v. *Hill*, 18 Ark. App. 104, 106, 710 S.W.2d 847, 849 (1986), citing *Parker* v. *Pledger*, 269 Ark. 925, 930-31, 601 S.W.2d 897, 900 (Ark. App. 1980). Also, under our Uniform Commercial Code a "promise" is "an undertaking to pay" but it "must be

more than an acknowledgment of an obligation." *See* Ark. Code Ann. § 4-3-102(1)(c) (1987).

The appellant relies upon *Carpenter* v. *Schneider*, 22 Ark. App. 184, 737 S.W.2d 656 (1987), but we think this case differs considerably from *Carpenter*. In *Carpenter*, there was a check signed by Schneider, made payable to Carpenter, and it was admitted by Carpenter that he had cashed the check. However, Carpenter also testified that the check was a portion of a sum to be advanced by Schneider for them to go into business together, and he said he had repaid Schneider the amount of the check. We held that the trial court was correct in holding that Carpenter had the burden of proving his affirmative defense of payment, and the trial court's finding that this burden had not been met was not clearly against a preponderance of the evidence. In the case at bar, the cancelled check, with the word "loan" thereon, is simply not enough to make a *prima facie* case against the appellee.

In *Green* v. *Gowen*, 279 Ark. 382, 652 S.W.2d 624 (1983), the Supreme Court of Arkansas said:

> In determining on appeal the correctness of the trial court's action concerning a motion for a directed verdict by either party, we view the evidence that is most favorable to the party against whom the verdict is sought and give it the highest probative value, taking into account all the reasonable inferences deducible from it. The motion should be granted only if the evidence so viewed would be so insubstantial as to require a jury verdict for the party to be set aside. *Pritchard* v. *Times Southwest Broadcasting, Inc.*, 277 Ark. 458, 642 S.W.2d 877 (1982).

The case at bar was tried by the judge without a jury. The sufficiency of the evidence was raised by a motion to dismiss made at the conclusion of the appellant's evidence. This was in keeping with Ark. R. Civ. P. 50(a) and should have been granted if the appellant's evidence was so insubstantial that a jury verdict for appellant would have to be set aside. *Suzuki of Russellville, Inc.* v. *Mid-Century Ins. Co.*, 14 Ark. App. 304, 688 S.W.2d 305 (1985). Under the law and evidence as above discussed, we agree that the trial court was correct in granting appellee's motion to dismiss the appellant's complaint.

Affirmed.

COOPER and ROGERS, JJ., agree.