■ HARRY FELDMAN, Respondent, v SIDNEY ESIKOFF, Appellant. — In an action to recover moneys due under a loan agreement, defendant appeals from an order of the Supreme Court, Nassau County (Harwood, J.), dated March 1, 1982, which granted plaintiff's motion for summary judgment. Order reversed, without costs or disbursements, and plaintiff's motion for summary judgment is denied. In our opinion, defendant's first affirmative defense, alleging fraud in the inducement, is sufficiently supported by defendant's affidavit in opposition to plaintiff's motion, so as to raise an issue of fact as to whether he was induced to enter into the loan agreement by false representations made by plaintiff and his associates. While much of defendant's affidavit is conclusory in nature, it also contains specific allegations. The general nature of many of defendant's statements may be due to the fact that this motion was brought prior to discovery. Plaintiff may renew his motion, if he be so advised, when discovery is completed (see CPLR 3212, subd [f]). Gibbons, J. P., Thompson, Bracken and Niehoff, JJ., concur.

■ MARCUS GILDIN, Respondent, v HARRY HIRSCHHORN, Appellant. — In an action, inter alia, to recover upon two promissory notes, defendant appeals from so much of a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), entered March 26, 1982, as, after a nonjury trial, awarded plaintiff a money judgment in the principal sum of $100,000. Judgment affirmed insofar as appealed from, with $50 costs and disbursements. Section 3-501 of the Uniform Commercial Code provides that unless excused, presentment for payment is necessary to charge any indorser upon a note. Presentment may be entirely excused when "the party to be charged has waived it expressly or by implication either before or after it is due" (Uniform Commercial Code, § 3-511, subd [2], par [a]). On the back of both of the notes which are the subject of the instant dispute the following legend appeared: "FOR VALUE RECEIVED the undersigned and each of them hereby forever waives presentment, demand, protest, notice of protest and notice of dishonor of the within note and the undersigned and each of them guarantees the payment of said note at maturity and consents without notice to any and all extension of time or terms of payment made by holder of said note." Directly beneath this language defendant's signature appeared. Accordingly, defendant effectively waived presentment of the notes for payment. Assuming, arguendo, defendant had not made an effective waiver, we agree with Trial Term's finding that a demand for payment had been made upon the corporate maker of the notes and upon defendant in his individual capacity as an indorser but such payment had been refused. We have considered defendant's other contentions and find them to be without merit. Damiani, J. P., Titone, Mangano and Boyers, JJ., concur.