■ Manufacturers and Traders Trust Company, as Successor in Interest to Central Trust Company, Appellant, v Dennis S. Griffin, Respondent, et al., Defendant. [641 NYS2d 938] —Order unanimously reversed on the law with costs, motion granted and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: On January 30, 1986, Dennis S. Griffin (defendant) and his former wife, Sheila Griffin, executed a promissory note for the principal sum of $94,000 payable to Central Trust Company (Central Trust). The note was secured by a mortgage on a commercial building that the Griffins owned jointly. On July 28, 1989, the Griffins executed a second promissory note to Central Trust for the principal sum of $34,285.97, secured by a second mortgage on the same property. On that same day, the two notes and mortgages were combined pursuant to a consolidation/spreading agreement (agreement), creating a single indebtedness of $116,000 and one mortgage lien. Plaintiff Manufacturers & Traders Trust Company (M & T) is the holder of the agreement by its acquisition of Central Trust. In February 1990 the Griffins separated and allegedly executed a separation agreement whereby Sheila agreed to assume responsibility on the notes. M & T was not notified of that provision in the separation agreement.

No payments were made on the notes after August 1992. In December 1992 M & T allegedly mailed separate demand letters to the Griffins at their respective business addresses. Defendant denies receipt of that letter. In January 1994 M & T commenced this action, alleging in an amended complaint that the Griffins were in default and that, pursuant to the terms of the notes and the agreement, the entire amount owing as of September 1992 was accelerated and due in the amount of $100,885.54 along with interest, late charges and reasonable attorney's fees. Defendant answered the amended complaint individually.

Thereafter, M & T sought summary judgment on the notes and agreement. Defendant argued in opposition that he had not received notice of the default until the commencement of this action, that M & T's failure to notify him of the default had prevented him from enforcing the separation agreement with his former wife and that M & T had allowed the property to deteriorate in value from the time of the default to the commencement of the action. Defendant did not submit an appraisal, nor did he provide a copy of the separation agreement. Supreme Court denied M & T's application without identifying the issues of fact remaining to be resolved.

Although it is arguable that defendant may be a "party" entitled to assert the defense of UCC 3-606 (1) (b) (*see, Florio v Cross*, 194 AD2d 136, 139-140; *Beneficial Fin. Co. v Husner*, 82 Misc 2d 550, 552), we need not reach that issue. Contrary to the contentions of defendant, M & T was not required to notify him of the default or to present the notes and demand payment; pursuant to the terms of the notes and agreement, defendant had expressly waived presentment (*see,* UCC 3-511 [2] [a]; *Gildin v Hirschhorn*, 93 AD2d 807). M & T was also under no obligation to notify defendant of the default, to enable him to enforce his rights against his former wife pursuant to their separation agreement. In addition, M & T was not in possession of the mortgaged property and had no obligation to maintain it. M & T's delay in commencing an action on the notes and agreement, therefore, did not constitute an unjustifiable impairment of the collateral sufficient to discharge defendant from liability (*see, Chemical Bank v Valentini*, 84 AD2d 801). Lastly, defendant failed to submit proof in evidentiary form that the mortgaged property declined in value from the time of the default to the time of the commencement of this action.

Therefore, we reverse the order, grant M & T's motion for summary judgment in the amount of $100,885.54 together with

interest of $8,238.99 and late charges of $329.56 and remit the matter to Supreme Court to determine M & T's application for reasonable attorney's fees. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.